CONTINENTAL OIL & COTTON CO. v.
WRISTEN & JOHNSON. (No. 7954.)

(Court of Civil Appeals of Texas. Ft. Worth.
April 18, 1914. Rehearing Denied
May 30, 1914.)

1. NEGLIGENCE (§ 134*)—FIRE—SUFFICIENCY OF EVIDENCE.

Evidence that defendant's employés, other than plaintiff's assignor, who was himself an employé, negligently drew coals from the fire box of a cotton gin, and that the fire which destroyed it and the assignor's property resulted therefrom, sustained a judgment against defendant for damages.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. NEGLIGENCE (§ 68*) — DESTRUCTION OF PROPERTY.

Where defendant was negligent in putting coals from the fire box of a cotton gin so as to expose plaintiff's property to danger of destruction, it would still be liable even though plaintiff exercised all possible care to prevent the consequences of its negligence but failed to do so.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 92, 94, 95; Dec. Dig. § 68.*]

3. NEGLIGENCE (§ 80*)—CONTRIBUTORY NEGLIGENCE—DESTRUCTION OF PROPERTY.

Defendant, which placed coals from the fire box of its cotton gin where they exposed plaintiff's property to danger of destruction, was not liable if plaintiff was its representative in charge of the gin, or if he was guilty of negligence in not extinguishing them.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 84, 85; Dec. Dig. § 80.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—APPLICATION TO EVIDENCE.

In an action for damages for the destruction of a wagon and seed cotton by fire the submission of an issue as to the market value of the property was error, where there was no evidence thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. DAMAGES (§ 174*)—EVIDENCE—ISSUES AND PROOF—MARKET VALUE.

In such case the actual value of the property could not be shown unless it appeared that there was no market value.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. § 174.*]

6. APPEAL AND ERROR (§ 1170*) — REVIEW — HARMLESS ERROR.

Though Courts of Civil Appeals rule 62a (149 S. W. x) provides that no judgment shall be reversed and new trial ordered for error at law in the trial, unless the appellate court is of opinion that the error was such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment, the erroneous admission of evidence as to damages necessarily resulting in a judgment which could not otherwise have been rendered was ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Wristen & Johnson against the Continental Oil & Cotton Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

S. P. Hardwicke, of Abilene, for appellant. Scarborough & Hickman, of Abilene, for appellees.

SPEER, J. Wristen & Johnson, as assignees of one S. C. Gist, brought this suit against the Continental Oil & Cotton Company to recover damages for the destruction by fire of a certain wagon and seed cotton belonging to Gist, and alleged to have been destroyed through the negligence of the defendant. There was a jury trial, and verdict followed by a judgment in favor of the plaintiffs, and the defendant has appealed.

[1, 2] The first three assignments of error complaining that the judgment is unsupported by the evidence on the issue of negligence of appellant are overruled. The evidence tends to show and would support a finding by the jury that appellant's employés other than Gist, who himself was an employé of appellant, neligently withdrew coals from the fire box beneath its boiler, and that the fire which destroyed appellant's gin and Gist's property resulted from this act. We note appellant's suggestion that if any one was at fault in the matter of extinguishing the coals drawn from the fire box it was Gist himself, who testified that he had attempted to extinguish them and thought he had, but this is no answer at all, since, however great Gist's care may have been, it would not excuse appellant's prior negligence in putting the coals where they were and thus exposing the property to the danger of destruction. In other words, if Gist exercised all possible care to prevent the consequences of appellant's prior negligence, yet failed to do so, the company would still be liable.

[3] The jury were told if Gist was the representative of appellant in charge of its gin and had control of its management, or if he was guilty of negligence in the matter of extinguishing the coals, to find for the defendant. This requires us to overrule assignment 3a.

[4] We must sustain, however, the fourth and fifth assignments. The fourth complains that the court erred in submitting as an issue to the jury the market value of the wagon because there was no evidence as to the market value of the wagon, and the fifth is to the effect that the court erred in admitting in evidence over objections of the appellant the testimony of the witness Gist as to what he paid for the wagon when new. We have carefully examined the statement of facts, and fail to find any evidence as to the market value of the wagon, and it was therefore error to submit such issue.

[5] Neither is there in the statement of facts any evidence that such wagon had no market value so as to permit the introduction of the testimony complained of in the fifth assignment. The rule is well established that before actual value can be shown it must be made to appear that there is no market value. 13 Encyc. of Evidence, 510.

[6] Rule 62a (149 S. W. x.) has been invoked by appellees, and the suggestion is made that the errors were not such as were calculated to cause or probably did cause any improper verdict. But we think differently. We do not think it was meant by the adoption of rule 62a to alter the well-established rules of evidence, one of which has been violated in this case, and we are further of the opinion the violation of it has necessarily resulted in a judgment which could not otherwise have been rendered.

For the errors indicated the judgment is reversed, and the cause remanded.