## LONE STAR GAS CO. v. HOLIFIELD.
### No. 14203.

Court of Civil Appeals of Texas.
Fort Worth.
April 11, 1941.

Walker, Smith & Shannon, of Fort Worth, and Thompson, Knight, Harris, Wright & Weisberg, Adair Rembert, and Sol Goodell, all of Dallas, for appellant.

Homer Baughman, Martin, Moore & Brewster, and Harris Brewster, all of Fort Worth, for appellee.

SPEER, Justice.

W. S. Holifield sued Lone Star Gas Company for damages, charging that the negligent installation of a Butane Gas system and certain articles of equipment in the house, permitted the escape and ignition of gas from the pipe lines, resulting in the destruction of his house and its contents, by fire.

A jury trial upon special issues resulted in a verdict and judgment for plaintiff, from which defendant has appealed. We shall continue to designate the parties as they appeared in the trial court.

Insofar as is necessary for us to state, plaintiff charged in his petition that he employed defendant to install for him a Butane Gas plant, to be used in connection with his home, near the City of Fort Worth; that in said contract defendant was to furnish and install a cook stove and hot water heater in the house, all in a good and workmanlike manner; that defendant negligently installed said plant and equipment, resulting in the destruction by fire of his house and its contents. The alleged negligent acts of defendant which we find necessary to mention are charged to be: (a) failure to provide a cut-off on the gas line outside of the house, where it was visible and accessible to plaintiff and those about the premises, when needed, (b) failure to inform plaintiff of the location of a cut-off which it did install, inside of the enclosure around the gas tank, and (c) the hot water heater was improperly adjusted and connected with the gas line, in that it was so constructed and installed that gas leaked from the line near the hot water heater, was ignited from the heater, causing the fire which consumed his property.

The defendant's answer consisted of demurrers, general denial and special pleas of contributory negligence by plaintiff in failing to apprise the members of his household of the location of the cut-off provided by defendant, and that if it should be found that plaintiff did not in fact know where the cut-off was placed, then by the use of the premises for six months he should be charged with negligence as a matter of law in having failed to ascertain the facts within that time, and to thereafter inform the members of his household of its location.

In response to special issues, the jury found that the contract of installation was made between the parties; that the house and its contents were burned about six months later. The evidence was undisputed that the fire occurred when escaping gas was ignited just beneath the hot water heater; hence, no issue on that point was submitted and none was necessary. It was found that the defendant failed to put a cut-off on the line from the plant to the house, in a practical location; that this was negligence and a proximate cause of the loss; that the pipe line was improperly constructed and connected with the hot water heater, and that the heater was improperly adjusted; that these were acts of negligence and proximate causes. The verdict acquitted plaintiff of contributory negligence. Much of the complaint made by defendant of the verdict and judgment is based upon the manner in which issues were submitted, including the measure of damages to be determined. These, we shall notice as we proceed in the discussion of the case.

By its first proposition, defendant urges that judgment should have been entered for it because the cut-off was located as close to the gas container as practicable, and that since this was in keeping with requirements of the Railroad Commission, which adopted the fire regulations of the National Board of Fire Underwriters, there was no negligence shown by its failure to put the cut-off elsewhere. From what we have said of plaintiff's pleadings, it cannot be said that the compliance with the rules of the National Board of Fire Underwriters would exempt defendant from liability under the allegations and findings of negligence above pointed out. Under this proposition it is also contended that there is no evidence to support the jury's verdict that the pipe line and hot water heater were negligently installed. The jury found against defendant on these points. There is evidence in the record that the connection was made to the heater by a "T" joint, when in the opinion of some witnesses it should have been made by a swing joint. It is undisputed that the gas leak which caused the fire came from the "T" joint. The proposition must be overruled.

The second proposition likewise urges that defendant should have had an instructed verdict because the evidence showed plaintiff was guilty of contribu-

tory negligence as a matter of law by using the system for six months without attempting to locate the cut-off placed there by defendant, and in failing to so locate it and notify the members of his household, to protect the property in case of fire. Under all the testimony, the jury found against defendant's contention and the proposition must be overruled.

Other assignments of error presented by defendant must be sustained. They present the action of the court in submitting issues inquiring as to the reasonable cash value of plaintiff's home (exclusive of the land) immediately prior to the fire, and its reasonable cash value immediately thereafter.

Referable to the issues concerning the value of "plaintiff's home", we have already shown that in his petition he claimed damages to the extent of the reasonable market value of the house, alleged to be more than $5,500. No allegation is made in the alternative or otherwise what the reasonable cash value was, nor does it appear from the testimony whether or not there was a market value for the property at that time and place. The record is silent on this. In other words, plaintiff sought to recover the market value of his home. He made no effort to prove its market value, nor did he attempt to prove that there was no market value for it, but contented himself to prove its intrinsic value, and this is the kind and type of value inquired about in the special issues, upon which the judgment was entered.

We think the rule is well established in this state that when a party seeks recovery of the market value of his property as against one who has negligently damaged or destroyed it, he must prove the market value, or must show that there is no market value before resorting to intrinsic or real value. If upon such a trial it should develop that there was no market value, as relied upon by plaintiff in this case, a trial amendment would be proper to meet the condition; such a proceeding would avert a contention that judgment did not conform to the pleadings and a verdict rendered on intrinsic values. In this case, if there was a market value for plaintiff's house, that was the criterion for the measure of his damages to his property, whether its destruction was total or partial. If the house was not totally destroyed, the measure of damages would be determined by the difference in its market value immediately before and immediately after the fire. Under the pleadings of plaintiff in this case, it was necessary for him to show by competent testimony that there was no market value of the property before he could recover upon evidence of its intrinsic value. Continental Oil & Cotton Co. v. Wristen & Johnson, Tex.Civ.App., 168 S.W. 395; Young's Bus Lines, Inc. v. Redmon, Tex. Civ.App., 43 S.W.2d 266; Dittman v. Myers, Tex.Civ.App., 95 S.W.2d 1332; Wilson v. Modica, Tex.Civ.App., 80 S.W.2d 411; Texas & Pacific Ry. Co. v. Bussing, Tex.Civ.App., 130 S.W.2d 416, and many authorities cited in each. Defendant's fifth and sixth propositions present the question discussed, and for the reasons shown they must be sustained.

Third and fourth propositions are closely akin to those last above discussed. They raise the points, (a) that since under the pleadings of plaintiff, his measure of damages was the difference between the reasonable market value of his property immediately before and immediately after the fire, and there being no evidence of its value afterwards, no judgment could be entered for any sum, and (b) since there was no evidence of the value (market or otherwise) after the fire, the court erred in submitting an issue inquiring what that value was.

If we are correct in our holdings concerning the two special issues which inquired about the reasonable cash value of the property before and after the fire, the third and fourth points are obviously well taken. In this connection, plaintiff contends that even though he did allege the market value of his damaged property exceeded $5,500 before the fire and introduced evidence of its actual value and did not prove the market value, he nevertheless was entitled to have his damages established by a difference in the actual or intrinsic values before and after the loss. For, he argues, that "market value" and "actual value" are synonymous terms or expressions, each embraced within the word "value". It is contended by plaintiff that "market value" is referable to the best evidence of value, while that of "actual or intrinsic value" may be said to be applicable to the next best or secondary evidence of value, and that he should not be denied a recovery simply because he introduced secondary evidence of values instead of the best evidence. Reliance for the contention is based largely upon 13 Tex.Jur. p. 147,

§ 62, and the case of Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102, writ dismissed. The contention as to the meaning of the terms finds some support in the authorities cited. But as we read those authorities and especially Taylor County v. Olds, supra, we find that there was sufficient evidence before the court from which it could reasonably be found that there was no market value of Mrs. Olds' property at the time it was taken in condemnation proceedings. It is also revealed by the opinion that while plaintiff apparently based her cause of action upon the market value of the lands taken, yet in the pleading as a whole various allegations were made, using such expressions as "reasonable worth", and that certain alleged conditions complained of will "lessen the value thereof", which said allegations gave rise to the discussion by the court as to what construction should be placed upon the petition. Under such conditions of the pleadings, it was held that they were sufficient to admit of testimony of intrinsic or actual value of the land taken. It is evident to us that a different situation to the one in the last discussed case is presented in the instant one.

▇▇▇▇▇ The testimony relied upon by plaintiff to support the jury's findings that the house was worth $5,500 before the fire and $500 immediately afterwards was sufficient (if admissible over the objection made by defendant) to form the basis for the verdict on value before the fire. It must be borne in mind that plaintiff's action was based on the market value of property. Plaintiff testified that he expended on the house $4,575 for labor and materials, exclusive of his own time. Nothing was shown as to the amount of time he devoted to the building nor as to what was the nature of the work done by him. The court admitted the testimony of a witness tendered as an expert, who said he estimated the house to be worth $5,500. When this testimony was offered, defendant objected to it because "It fails to set forth any proper standard by which to gauge the alleged damages to plaintiff." The court overruled the objection and in this we think there was error. Plaintiff's alleged damage was the market value of his house. The objection as made was equivalent to one based upon the ground that it did not tend to support the pleadings of plaintiff. It has been held that evidence, however adduced, when there are no pleadings to support it, will not support a judgment.

City National Bank of El Paso v. El Paso & N. E. Ry. Co., Tex.Civ.App., 225 S.W. 391, writ refused. Likewise, incompetent testimony, such as hearsay, even though not objected to when offered, will not support a finding of fact thus attempted to be established. Henry et al. v. Phillips, Adm'r, 105 Tex. 459, page 466, 151 S.W. 533.

▇▇▇▇▇ In connection with propositions 3 and 4, defendant contends that even to admit for the argument, that there was competent testimony from which the jury could fix the value of plaintiff's house before the fire, there was no evidence of probative value from which it could find as it did, that the value immediately after the fire was $500. We think this point is well taken. The building walls were constructed of what plaintiff called Palo Pinto rocks and was built on a solid concrete foundation. After the fire, insofar as the record shows, the foundation was intact and undamaged, and the walls were left standing. Plaintiff said the walls were damaged; that some of the rocks were loosened and required pulling them out and resetting them in cement before the walls could be used for another building; he said the walls were not worth tearing down. He subsequently repaired the walls and built another structure, using the repaired walls and foundation. No testimony was offered as to the expense incurred in repairing the walls nor was there any effort made to show the value of the apparently undamaged foundation.

The answer of the jury to the issue inquiring as to the value of the remains of the burned building (the foundation and damaged walls) could be nothing more than pure surmise or speculation insofar as the testimony shows. In arriving at the amount of plaintiff's loss in this case, where the entire house was not consumed, defendant was entitled to have the jury find upon competent testimony, the value of the residue and have it deducted from the value of the property as it stood before the fire. These values should have been established by money standards and not by conjecture. 13 Tex.Jur., p. 407, § 238.

There are other questions raised by the record, but since the case must be reversed, they may not arise again. One especially should be mentioned. The record shows that a considerable part of the personal property destroyed by fire belonged to plaintiff's daughter, who lived

with her parents. During the trial, plaintiff proved (over defendant's objections) that he held an assignment from the daughter for her claims for loss. The daughter's loss was included in the verdict of the jury and judgment was entered for plaintiff covering it.

Defendant insists that since plaintiff did not discharge the burden of proof by establishing his right to recover, in the matters set out in its assignments of error, we should reverse and render the judgment in its favor. We decline to do this, because, from the record, the plaintiff apparently has a cause of action against defendant. We have no doubt that if the trial court had viewed the pleadings and testimony as we do, and had made different rulings from what were made, plaintiff would have met such rulings and proved his case. We are supported in this view by cases of Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178, and Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031.

For errors pointed out, the judgment below is reversed and the cause remanded.