### HICKS v. GLENN.
### No. 5340.

Court of Civil Appeals of Texas. Amarillo.
Oct. 13, 1941.

Shannon, Ochsner & Little and Joe Harlan, all of Amarillo, for appellant.

A. A. Lumpkin, of Amarillo, for appellee.

STOKES, Justice.

Appellee, Jim Glenn, a minor, acting by and through A. A. Glenn, his father, as next friend, filed this suit in the justice court against appellant to recover the value of a violin, violin case and bow, which he alleged were lost through the negligence of appellant. He alleged that appellant was

doing business under the trade name of Yellow Cab & Baggage Company and that, while he was a passenger in a taxicab owned and operated by her and being driven by her agent and employee, the violin, case and bow, which he had placed on the floor in front of the rear seat, were lost and he had thereby been damaged to the extent of their value which he alleged was $150. The trial in the justice court resulted in a judgment in favor of appellee for $140, and upon appeal to the county court and a trial before that court without the intervention of a jury, a like judgment was rendered from which this appeal is prosecuted.

■ Appellant assails the judgment and contends that the court was not authorized to enter same against her because there was no evidence of the market value of the lost articles nor any grounds alleged or shown for any criterion other than the market value. Upon the measure of damages, appellee, over objection of appellant, was permitted to testify that the violin, including the case and bow, cost his father $140 some eight years before its loss. A. A. Glenn, the father of appellee, was permitted to testify, over objection of appellant, that he paid $140 for the violin and the evidence is undisputed that it was purchased eight years before it was lost. He further testified that when he purchased it, he procured a trained musician to examine it and, relying upon the opinion of the musician as to its value, he paid the purchase price. This is the only testimony in the case as to the measure of damages or the value of the articles lost, and under the well established rule we must hold that it was wholly insufficient to constitute the basis for a judgment. There was no evidence that the violin and other articles did not have a market value nor any alternative evidence of their intrinsic or actual value. In our opinion the court erred in rendering judgment in favor of appellee. It was necessary for appellee to establish the market value of the lost articles and if they did not have a market value it was then necessary that he prove their intrinsic or actual value. Failing in such proof, he was not entitled to a judgment. Young's Bus Lines v. Redmon, Tex.Civ.App., 43 S.W.2d 266; Continental Oil & Cotton Co. v. Wristen et al., Tex.Civ. App., 168 S.W. 395; Galveston, H. & S. A. R. Co. v. Levy, 45 Tex.Civ.App. 373, 100 S.W. 195; Texas & P. R. Co. v. Bussing, Tex.Civ.App., 130 S.W.2d 416, 417; Lone Star Gas Co. v. Holifield, Tex.Civ.App., 150 S.W.2d 282.

■ Appellant further insists that the judgment is not warranted by the evidence on the question of negligence. Appellee seems to have proceeded upon the rule of evidence known as res ipsa loquitur, that is, that he established a state of facts which, while probably not free from doubt or question, yet was sufficient, in the absence of an explanation, to give rise to the inference of negligence bringing about the loss of his property. The testimony shows that, when, in response to his request by telephone, the taxicab called for appellee and his companion, they entered it and occupied the rear seat. Appellee placed his violin on the floor, and when they arrived at the home of his companion and she disembarked, he closed the taxicab door and from thence occupied the front seat with the driver. When the cab arrived at appellee's home the violin was missing. While crossing a railroad enroute the rear door of the taxicab flew open and the court seems to have assumed that the violin was lost at that time. Appellee testified that the driver of the taxicab told him the door had been sprung and would not fasten securely. It was shown, however, that the last time the door was closed appellee closed it. Whether the door flew open by reason of the failure of appellee securely to close it, or because of the condition of the door, is not shown. Appellee being in charge of his violin at the time cannot invoke the rule of res ipsa loquitur, and, since no negligence was shown, the judgment is without evidence to support it. Harris v. Missouri-Kansas-Texas R. Co., Tex.Civ.App., 283 S. W. 895; St. Louis & S. F. R. Co. v. Franklin, 58 Tex.Civ.App. 41, 123 S.W. 1150; Texas & P. R. Co. v. Arnold, 16 Tex.Civ. App. 74, 40 S.W. 829.

■ Appellant further contends that judgment should not have been rendered against her because there was no evidence that she was the owner of the taxicab nor that she was the person who was operating the line of taxicabs known as the Yellow Cab & Baggage Company. Both the transcript and statement of facts contain the transcript from the justice court, including the supersedeas bond. These documents were introduced by her without limitation and the supersedeas bond was executed by Emma A. Hicks, a feme sole, "DBA Yellow Cab & Baggage Company" as principal.

The briefs indicate that the initials "DBA" mean "doing business as." We think this was sufficient to establish the fact that appellant was doing business as the Yellow Cab & Baggage Company and, inasmuch as the testimony is undisputed that it was a "Yellow Cab" that was summoned and utilized by appellee, and that he summoned it from the telephone number maintained by the Yellow Cab & Baggage Company, we fail to find any merit in this contention and it will be overruled.

For the errors we have discussed, the judgment will be reversed and the cause remanded.