THE WESTERN UNION TELEGRAPH COMPANY V.
TEXAS EMPLOYMENT COMMISSION, ET AL.

No. A-3364. Decided October 24, 1951.
Rehearing overruled November 21, 1951.
(243 S. W., 2d Series, 154.)

*Kemp, Smith, Brown, Groggin & White,* all of El Paso, and *J. A. C. McGann,* of New York City, for petitioner.

*Price Daniel,* Attorney General, *Charles P. Atkinson,* Assistant Attorney General, and *Lee Williams,* of Austin, for respondents.

PER CURIAM:

This case comes to this court from the Court of Civil Appeals at El Paso, Texas, 234 S.W. 2d 217, on appeal from a judgment which was rendered in the El Paso County Court-at-Law.

The petitioner relies for jurisdiction upon one ground alone —Subdv. 3 of Art. 1728 of the Revised Civil Statutes of Texas, to-wit: The construction of Art. 5221b-1 necessarily involved in the determination of the case.

We have examined the record, and have concluded that we have no jurisdiction of the cause. National Compress Co. v. Hamlin, 114 Texas 375, 269 S.W. 1024, 1027.

We note that the transcript consists of a series of photostatic copies of the instruments contained therein. This is in violation of the order entered by the Supreme Court on January 20, 1944, in compliance with the direction of Rule 376-a, Texas Rules of Civil Procedure. Paragraph (c) provides: "The transcript may be either typewritten or printed. * * *" This does not include photostatic copies. The photostatic copies contain white letters on a black background, which are very tiring and injurious to the eyes of a reader. We will not exercise the provision of paragraph (h) and require the preparation of a new transcript in view of our order "without jurisdiction," but we are merely calling the clerk's attention to the fact that a transcript composed of photostatic copies will not be received as a compliance with our rules.

Opinion delivered October 24, 1951. Rehearing overruled November 21, 1951.