George H. ROBERTSON, Appellant,

v.

William H. SMITH, Appellee.

No. 6511.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1955.

Rehearing Denied Sept. 12, 1955.

100

Morehead, Sharp & Boyd, Plainview, for appellant.

John B. Stapleton, Floydada, for appellee.

PITTS, Chief Justice.

This appeal is from a venue action in which judgment was rendered overruling a plea of privilege. The action arose out of an original suit filed in Floyd County by appellee, William H. Smith, a resident of Floyd County, against appellant George H. Robertson, a resident of Hale County and codefendants, C. C. Skaggs and Paul Garrison, both residents of Floyd County, for damages, jointly and severally, in the sum of $7,938, because of alleged negligence of the said party defendants in drilling an irrigation well for appellee in Floyd County. Appellant Robertson filed his plea of privilege asserting his alleged right to be sued in Hale County, the place of his residence. The same was controverted by appellee who alleged that Floyd County had venue by reason of the provisions of Exception 4 of Article 1995, Vernon's Ann.Civ.St., as applied to the pleadings and facts presented. The plea of privilege issues were heard by the trial court without a jury with the re-sult previously stated from which an appeal was perfected.

Appellee pleaded a contract between himself and defendants, Skaggs and Garrison, by the terms of which the said defendants bound themselves to drill and equip an irrigation well for appellee on his farm in Floyd County for a "turn-key" price of $6,870 and a warranty of a proper drilling and installation of such well and equipment so as to perform satisfactorily for a period of twelve months from the date of installation; that defendants, Skaggs and Garrison, thereafter employed appellant Robertson to drill such irrigation well and case the same and that appellant Robertson did drill and case such well for which appellee paid defendants, Skaggs and Garrison, the sum of $7,030; that appellee soon thereafter determined that appellant Robertson, while acting within the scope of his employment by defendants, Skaggs and Garrison, had carelessly and negligently drilled a crooked hole for such irrigation well, as a result of which the irrigation well and equipment failed to perform efficiently and satisfactorily from the beginning but instead performed most unsatisfactorily and in a very inefficient manner; that appellee reported the unsatisfactory condition to defendants, Skaggs and Garrison, who refused to correct such unsatisfactory conditions; that as a direct and proximate result of the careless negligence of appellant Robertson, as the employee of defendants, Skaggs and Garrison, in drilling the crooked hole for the well and then casing the same, all three named party defendants are liable to appellee jointly and severally for his alleged damages; that because of the joint cause of action against all of the three named defendants, two of whom (Skaggs and Garrison) reside in Floyd County, and because the alleged cause of action against Skaggs and Garrison is so intimately connected with the cause of action alleged against appellant Robertson, a Hale County resident, the district court of Floyd County has venue under the provisions of Exception 4 of Article 1995.

In support of his controverting plea, appellee offered the testimony of defendant,

Paul Garrison, who testified without objections that he and defendant, C. C. Skaggs, both resided in Floyd County where they were jointly, as a partnership, engaged in the irrigation pump business; that on or about April 10, 1954, he and Skaggs entered into a contract to drill and equip an irrigation well for appellee on appellee's farm in Floyd County; that he and Skaggs engaged appellant, George H. Robertson, to drill such irrigation well and set the casing in the hole; that appellant Robertson did drill and case the well for him and Skaggs, for which appellee paid him and Skaggs the sum of approximately $7,030. Appellee then introduced his original petition and his controverting plea, which contained a full copy of his original petition as a part thereof.

Appellee then qualified as a witness and gave his name, whereupon appellant's counsel, with permission of the trial court, asked appellee if he were not the plaintiff in a suit against the three previously named defendants concerning the drilling and casing of an irrigation well, to which appellee replied in the affirmative. Then appellant's counsel had appellee to identify his signature at the bottom of an instrument which the said counsel called "a contract." The said instrument was then introduced by appellant without objections and appellant's counsel assumed thereafter in the trial court and assumes here that the said instrument is a written contract between appellee and defendants, Skaggs and Garrison, which contract he contends forms the basis for the original alleged cause of action out of which this venue action arose and that there is no other basis for any recovery. Such contentions made by appellant's counsel are contested by appellee and his counsel.

■ The record reveals only a photostat of the instrument introduced and relied on by appellant. Some of the photostat is dim, a part of it blurred and much of it in fine print. The use of such a photostat in a record on appeal has been consistently condemned by our appellate courts. Graves v. Hallmark, Tex.Civ.App., 232 S.W.2d 130;

Western Union Tel. Co. v. Texas Employment Commission, 150 Tex. 526, 243 S.W.2d 154.

■ According to the record the instrument presented by appellant's counsel and admittedly signed by appellee, whether it be properly called a contract or not, has not been pleaded by any party to the original suit or in the venue action and its terms are not therefore binding on any party to this action, although the instrument was admitted in evidence and there may be some similarity between some of its terms and the terms of the contract pleaded by appellee as a basis for his recovery.

Appellee pleaded a contract between himself and defendants, Skaggs and Garrison, without alleging whether it was in writing or oral, of date on or about April 10, 1954, to drill and equip an irrigation well 19 inches in diameter on appellee's farm approximately 12 miles east of Floydada, to a depth of 360 feet for a "turn-key" price of $6,870. The instrument presented by appellant's counsel for identification by appellee is denominated "Estimate and Order," bears date of March 31, 1954, calls for the drilling of an irrigation well in Floyd County 8 miles east, 2 miles south and ½ mile west of Floydada, to be drilled 370 feet deep and 16 inch casing to be used to case it, with various unit prices shown therein at a total cost of $6,860. There are material variances between the contract pleaded by appellee and the instrument relied upon by appellant in that they bear different dates, the location of the well to be drilled is different, the depth of the well is different, the cost of drilling and equipping the well is arrived at in a different manner and the final total cost is different. In the contract pleaded by appellee, defendants, Skaggs and Garrison, warranted a proper drilling and installation of the irrigation well to be drilled for appellee and a satisfactory performance thereof for a period of twelve months from the date of installation while no such warranty is found in the instrument relied upon by appellant.

Appellee does not deny signing the instrument in question but the record reveals

that the parties by mutual oral agreement thereafter made material changes such as are shown in the contract pleaded by appellee and consistently established by the testimony of the defendant, Paul Garrison, previously herein recited. Appellee's testimony also corroborated that given by defendant, Garrison, concerning the contract pleaded by appellee and fully supported the terms of the contract as pleaded by him.

■ Appellant contends that the instrument relied upon by him provides that the drilling contractor must be one of appellee's own choosing and that such does not provide that defendants, Garrison and Skaggs, would employ the driller and that any testimony offered to show that they did employ appellant as the driller is objectionable on the grounds that it is an attempt to vary the terms of a written contract by parol evidence. However, such testimony given by both Garrison and appellee reveals that appellant was employed by Garrison and Skaggs to drill and case the well in question and that he did drill and case the same for them and that appellee paid Garrison and Skaggs the total sum of $7,030 for the "turn-key" job. The testimony of these two said witnesses concerning appellant's employment by Garrison and Skaggs fully supports the contract pleaded by appellee even if such testimony does not support the terms of the instrument relied upon by appellant, which instrument was not pleaded by appellee or any other party either in the primary suit or the venue action. It has been held that the introduction of such an instrument as evidence, when there are no pleadings to support it, will not support a judgment. Lone Star Gas Co. v. Holifield, Tex.Civ.App., 150 S.W.2d 282; City National Bank of El Paso v. El Paso & N. E. Ry. Co., Tex.Civ.App., 225 S.W. 391, and other authorities there cited. In our opinion if such will not support a judgment for the party offering it, it will not serve to defeat a judgment for the opposing party. It is also elementary that appellee had a right to offer evidence in support of a contract pleaded by him whether it supported some other instrument previously executed by him or not, particularly when the other instrument had not been pleaded and that there are material variances between the terms of the other instrument and the contract pleaded and relied upon by appellee as a right for recovery.

■ The evidence conclusively reveals that appellee had nothing to do with the employment of appellant to drill and case the well or with his activities in performing such labor but that defendants, Garrison and Skaggs, employed appellant to drill and case the well for which appellee paid them in full. Under the pleadings and proof appellant became the agent of his co-defendants, Garrison and Skaggs, in the performance of his duties for which his said co-defendants employed him. Appellant's contentions to the effect that he was an employee of appellee in the performance of his duties are not supported either by the pleadings or the evidence.

The parties are in agreement about the construction the courts have given to Subdivision 4 of Article 1995. Both parties cite, rely upon and quote from the case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and cite other authorities in support of the venue rules there announced.

Appellant has not attacked the sufficiency of appellee's pleadings but charges in effect that there is an insufficiency of competent evidence of probative force to support the trial court's judgment.

■ The venue facts relied upon are, (1) that at least one of the named defendants must have resided in Floyd County; the evidence conclusively reveals that defendants, Skaggs and Garrison, both resided in Floyd County and it is admitted that appellant resided in Hale County; (2) the existence of a cause of action against the resident defendants, Skaggs and Garrison, who compose a partnership, and that appellant is at least a proper party to the suit; these matters have been conclusively established; (3) that the cause of action alleged against the resident defendants is a joint cause of action against such defend-

ants and appellant, as a non-resident defendant, or that the cause of action alleged by appellee against the resident defendants is so intimately connected with the cause of action alleged against appellant as the non-resident defendant, that the two may be joined under the rule intended to avoid a multiplicity of suits. However, on a venue hearing appellee is not required to prove a bona fide cause of action against appellant as a non-resident defendant.

■ Concerning the third or last mentioned venue requirement, we shall now examine the evidence further. In addition to the evidence heard and previously herein mentioned, appellee testified in support of his pleadings to the effect that he contracted with defendants, Skaggs and Garrison, to drill and equip an irrigation well for him as he alleged; that appellant was employed by Skaggs and Garrison to drill and equip the well and that he (appellee) had nothing to do with the employment of appellant or his activities while he drilled and equipped the well; that he never contacted appellant at any time or even saw him until he came to perform the labor; that defendants, Skaggs and Garrison, sent appellant to his premises to drill and equip the well; that appellant drilled and cased the well, after which appellee paid defendants, Skaggs and Garrison, therefor the sum of $7,030, after they told appellee that their guarantee was as good after payment as before payment and they would make good any defects in the well or equipment; that from the time the well was completed and equipment installed it failed to perform satisfactorily; that it took more fuel and cost more to operate it and he got less results from its operation than were being produced by other wells and equipment of the same type; that he reported such unsatisfactory operation to defendants, Skaggs and Garrison, and paid them an additional $206 to pull the pump, examine it and re-install it, after which they reported to him that they found nothing wrong; that it performed no better thereafter but got worse and failed to produce the water like

a normal well with equipment properly installed would have produced; that he pulled some of the casing out of the well and found that appellant had welded a part of the same in a crooked manner; that he then looked down the well with a mirror and could see that the well was crooked and had a "dog leg" in it and was "off about 27 inches in the furtherest place"; that some of the neighbors also looked at the crooked hole; that the crooked hole drilled by appellant prevented the equipment from performing properly, efficiently and satisfactorily; that because of the crooked hole drilled by appellant, appellee had to have his well re-drilled and the hole made straight at a cost of $2.25 per foot; that he had to buy and put in new casing at a cost of $2.75 per foot; that it cost him $233 to pull the pump from the old hole and install it in the new hole; that all of such cost constituted damages, together with other established damages suffered by appellee, as a result of the crooked hole drilled by appellant while he was employed by defendants, Skaggs and Garrison; that he reported such unsatisfactory conditions to Skaggs and Garrison who refused to fix the well in compliance with their warranty. None of such evidence was controverted. In fact, appellant offered no evidence other than to examine the two witnesses appellee offered and then he offered the instrument previously mentioned upon which he relies to defeat venue in Floyd County.

In our opinion the evidence offered by appellee meets the third or last mentioned venue requirement. The rule of law to the effect that an employer is liable for the negligent acts of his employee who is acting at the time within the scope of his employment is too well recognized to require the citation of authorities.

Under the record presented and for the reasons stated, it is our opinion that the trial court was justified in finding and concluding that appellee had established venue in Floyd County. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.