**M. W. JONES and J. J. Merrifield,**
**Appellants,**

**v.**

**HYDRO CORPORATION, Appellee.**

No. 7742.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 9, 1967.

Miller, Sanders, Baker & Miller, Robert Sanders, Amarillo, for appellants.

Culton, Morgan, Britain & White, Neal R. Allen, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment based upon a jury verdict in a suit filed by Hydro Corporation against M. W. Jones, his wife, Judy M. Jones and J. J. Merrifield, " * * each individually and d/b/a White Deer Pump Service." At the close of the evidence, Judy M. Jones was awarded an instructed verdict. There is no appeal therefrom.

After motions for summary judgment by Hydro Corporation and J. J. Merrifield were properly denied by the trial court the case was submitted to a jury, which found by a preponderance of the evidence (1) that the goods, wares and merchandise set out in the sworn, verified account were ordered by White Deer Pump Service; (2) that they were delivered; (3) that the reasonable and customary charges for same were $17,504.-

89; (4) that M. W. Jones was one of the owners of White Deer Pump Service; (5) that J. J. Merrifield was one of the owners of said company; (6) and that a reasonable attorney's fee for plaintiff's attorney was $1,750.49.

After applying the credits to the account sued upon, "set forth in Plaintiff's first supplemental petition" judgment was rendered for plaintiff-appellee, together with interest and attorney's fees.

By the first two points appellant Merrifield contends there is not any evidence that appellant Merrifield owned, or had anything to do with or any right in the business known as White Deer Pump Service, therefore the trial court committed reversible error in submitting Special Issue No. 5 to the jury.

■ Since the first two points are not briefed, we would be justified in assuming they are waived. McClanahan v. Cook, 401 S.W.2d 352 (Tex.Civ.App.–Amarillo, 1966, no writ) and the cases there cited on the question.

■ Additionally, no objections of any nature are shown in the record to the submission of the issue, nor does the record reveal that as to Mr. Merrifield the question of no evidence to support the submission of the issue was raised in the motion for instructed verdict.

The contentions come too late. Rule 272, Vernon's Ann.Tex. Rules of Civil Procedure, provides, inter alia, that after the evidence is closed the charge shall be submitted to the attorneys for the respective parties for inspection and that all objections thereto not made and presented shall be considered as waived. This rules supersedes Article 2185, Revised Civil Statutes of Texas 1925, which in turn supersedes Article 1971, Vernon's Sayles' Texas Statutes 1914, and is in substantially the same language. The Supreme Court of Texas in construing the question has held in Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218

S.W. 1030 (1920) that: "The requirement of the law is that all such 'objections' shall in every instance be presented to the court before the charge is read to the jury; and the statutory penalty is that 'all objections not so made and presented shall be considered as waived.'" Our court has held that: "The fact that this error is brought forward in the motion for new trial does not take the place of the objections required by article 1971, Vernon's Sayles' C.S., 1914." Twichell v. Klinke, 272 S.W. 283 (Tex.Civ.App.–Amarillo, 1925, writ dism'd).

■ In any event, there is probative evidence to the effect that Mr. Merrifield was one of the owners of White Deer Pump Service for the period covered by the verified sworn account. Mr. Allen, president of appellee, testified without objections that for the period involved White Deer Pump Service was owned by three persons and that one of them was J. J. Merrifield. Accordingly, the first two points are overruled.

■■ The next two points urge reversible error in submitting Special Issue No. 5 for the reason appellee failed to plead J. J. Merrifield was the owner or one of the owners of White Deer Pump Service. We find no objections in the record to the submission of Special Issue No. 5 for the reason there are no pleadings upon which to support an inquiry as to whether Merrifield was the owner or one of the owners, so the rules above announced would also apply to these two points. See also Rule 90, V.A.T.R. Additionally, the pleadings alleged M. W. Jones, Judy M. Jones and J. J. Merrifield, each individually and d/b/a White Deer Pump Service ordered and there was delivered to them between July 1, 1965, and January 26, 1966, the goods, wares and merchandise set forth in "Exhibit A," which was the sworn, itemized, verified account sued upon. In this connection appellant contends the abbreviation "d/b/a" in the pleadings for "doing business as" is insufficient and has no legal significance in alleging Merrifield was one of those doing

business as White Deer Pump Service. This court in Hicks v. Glenn, 155 S.W.2d 828 (Tex.Civ.App.–Amarillo, 1941, no writ) has held: " * * * the initials 'DBA' mean 'doing business as.'" We believe the form "d/b/a", so commonly used in pleadings in Texas, has become of such common usage as to give those against whom the term is used sufficient notice that "they were alleged to be doing business as * * *." Accordingly, we hold the contention is without merit.

■ In his Point 5 appellant Merrifield urges reversible error in refusing to submit his requested Issue No. 13 inquiring of the jury if the goods, wares and merchandise set out in "Exhibit A" were delivered to Merrifield at his special instance and request. The point is without merit. Special Issue 2 inquired if such merchandise was delivered to White Deer Pump Service and Special Issue No. 5 inquired if Merrifield was the owner or one of the owners of White Deer Pump Service. The requested Special Issue 13 is clearly included in the two issues just mentioned. " * * * it is not necessary, nor proper, to twice submit the same issue in different form or in different language." Allcorn v. Fort Worth & R. G. Ry. Co., 122 S.W.2d 341 (Tex.Civ.App.–Austin, 1938, writ ref'd).

Point No. 6 complains of the failure to submit Mr. Merrifield's Special Requested Issue No. 15 inquiring as to whether appellant Merrifield had promised to pay appellee the several sums of money in the account sued upon.

■ Since we have held there was some probative evidence that Merrifield was one of the owners of White Deer Pump Service, the delivery to such company was delivery to Merrifield. It is without controversy in the record that the goods, wares and merchandise were received and accepted and that those upon which judgment was rendered have not been paid for. The promise to pay under such circumstances would be implied in law. The Supreme Court of

Texas in the early case of Love v. Doak & Tims, 5 Tex. 343 (1849) held:

"In an action on an account for goods and wares sold and delivered, the sale and delivery are the material facts on which depends the liability of the defendant * * *. The legal inferences or conclusions from these facts of the defendant's liability and promise to pay are not essential averments; * * *"

 If not essential averments, then they would not be essential proof in respect to which Point No. 6 complains.

Point 7 urges reversible error in refusing an instructed verdict for Merrifield for the reason that there is no evidence in the record that the items in "Exhibit A" were delivered to Merrifield and Point No. 8 urges such error for the reason there is no evidence that Merrifield promised to pay the sums of money in the account sued upon. The statements and invoices represented by Hydro's Exhibits 2 through 25 show the records of delivery to White Deer Pump Service and the prices, the amounts paid, unpaid, etc. Delivery to that company was delivery to Merrifield under the record before us, when we honor the inferences that must be indulged in favor of the jury findings and the judgment rendered by the court thereon.

 In Merrifield's first amended original answer he complied with the rules constituting his Rule 185 sworn denial, which placed the burden on appellee to prove the case as at common law. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (1941); Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357 (Tex.Civ.App.–Dallas, 1963, no writ). From what we have already said it is obvious that we believe appellant did so with the testimony of their president, Russell G. Allen, Jr., and the exhibits introduced. The burden then shifted to appellants to overcome that proof by some sort of affirmative avoidance. Burrus Mills, Inc. v. Hein, 399 S.W.2d 950 (Tex. Civ.App.–Houston, 1966, writ ref'd n. r. e.).

This, Merrifield attempted to do by proving he had sold out the business before the accounts sued upon were delivered and accepted. The jury did not choose to believe him, and the assumed name records showing him as owner, the failure to collect for the sale either of the building or the other property, and his statement concerning the business to the effect that, "It ain't being run, *I* have got it locked up," furnished some probative evidence that the purported sale was not legitimate. (Emphasis added). So, delivery and acceptance of the goods, wares and merchandise by the company was delivery to Merrifield and implied a promise to pay. Love v. Doak & Tims, supra.

Appellant admits by brief that his Point 9 encompasses all of his previous points, so it would be repetitious for us to discuss it.

Judgment of the trial court is affirmed.