## SOUTHERN INSURANCE COMPANY

v.

**CONSUMER INSURANCE AGENCY, INC.,** Consumer Insurance Agency, Ltd., and W. C. Moore, doing business as Consumer Insurance Agency and as Consumer Insurance Agency, Inc.

Civ. A. No. 76–1964.

United States District Court,
E. D. Louisiana.

Nov. 30, 1977.

Harvey C. Koch, Beard, Blue, Schmitt & Mathes, New Orleans, La., for plaintiff.

Richard J. Ganucheau, New Orleans, La., for W. C. Moore, Consumer Insurance Agency, Ltd., Consumer Insurance Agency, Inc.

RUBIN, Circuit Judge.*

Southern Insurance Company, a Texas corporation ("Southern"), established an agency agreement for the sale of Southern's policies in the state of Louisiana. The agent was to collect the premiums paid on the policies and send them to Southern; in return, Southern was to pay a commission on the sales. This is a suit to collect the premiums from Consumer Insurance Agency, Inc. and W. C. Moore, individually. Lia-

---

* Sitting as District Judge by designation of Chief Judge John R. Brown.

bility of the corporation is conceded, but Moore contests his personal liability.

The agency agreement states, in its first paragraph, that it is " . . . by and between W. C. Moore d/b/a Consumer Insurance Agency Inc. of New Orleans . . and Southern Insurance Co. . . . " The agreement was signed by a representative of Southern and W. C. Moore. Moore's signature was not qualified or characterized in any manner.

The agreement provides that the contract is to be construed under Texas state law. Because this court is sitting in Louisiana, it is bound to follow the Louisiana approach to conflicts of law. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The Louisiana courts have adopted the rule set forth in the Second Restatement of Conflicts to resolve true conflicts.[1] *Brinkley and West, Inc. v. Foremost Ins. Co.,* 5 Cir. 1974, 499 F.2d 928; *Ardoyno v. Kyzar,* E.D.La.1976, 426 F.Supp. 78; *Jagers v. Royal Indemnity Co.,* La.1973, 276 So.2d 309. Under Section 187 of the Restatement (1971), the law of the state chosen by the parties to govern their contractual rights and duties shall be applied in circumstances such as these. Hence, Texas law governs.

Under current Texas law, a service name, including what were formerly referred to as a trade name, are registerable and signify a name " . . . adopted and used by a person to identify his services and distinguish them from the services of others . . . " V.T.C.A., Bus. & C. § 16.01(a)(4).

Under Texas law, when the phrase "doing business as" follows a person's name, it signifies that the individual is the owner and operator of the business whose trade name follows his, and makes him personally liable for the torts and contracts of the business. Thus, in *Hicks v. Glenn,* Tex.Civ. App., 1941, 155 S.W.2d 828, the fact that a person had executed a supersedeas bond in her own name, followed by "doing business as" Yellow Cab and Baggage, was considered evidence that the person who executed the bond was personally liable for a company cab driver's negligence. Similarly, where an individual did business under a trade name, delivery of merchandise to the company was delivered to the owner and rendered him personally liable for the goods. *Jones v. Hydro Corp.,* Tex.Civ.App., 1967, 420 S.W.2d 210; cf. *Jones v. S. G. Davis Motor Car Co.,* Tex.Civ.App., 1920, 224 So. 701; *Watson Co., Builders v. Bleeker,* Tex.Civ.App., 1924, 269 S.W. 147.

Nor is this treatment of the term "doing business as" unique to Texas. The ordinary sense of the words conveys this message. Where John Smith announces that he is "doing business as Xephyr," he asserts clearly that it is John Smith who is the responsible party and that he has merely adopted "Xephyr" as a trade designation. The significance is, thus, much like that given to other phrases in common use in the law for slightly different purposes, "alias" [John Doe alias John Fawn] and "a/k/a" or "also known as" [John Doe a/k/a John Fawn].

In Louisiana, where defendant conducted business, the phrase is given the same meaning as it is in Texas and in common parlance. LSA-C.C.P. Art. 736 states:

A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business.

The rationale of this interpretation, which has also been reached in other states, was explained in *Duval v. Midwest Auto City, Inc.,* D.Neb.1977, 425 F.Supp. 1381, 1387:

The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not

---

1. The Louisiana courts use "interest analysis" to resolve "false conflicts" and resort to The Restatement to resolve "true conflicts." See *Ardoyno, infra.* For reasons indicated subsequently in this opinion, there is no conflict between Louisiana law and Texas law. Hence, it is unnecessary to resort to The Restatement, but should a real conflict exist, for reasons indicated in the text, Texas law would govern.

create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

The defendant Moore held himself out as entering into the contract as an individual not only by signing it personally, without limitation, but also by naming the corporation as a trade name under which Moore, an individual, did business. He, therefore, is obligated personally. Nor will it avail now for him to proffer parol evidence that would contradict these unambiguous terms of the agreement. *Syring-Workman, Inc. v. Colbert,* Tex.Civ.App., 1976, 523 S.W.2d 708, 710.

He is, therefore, individually liable to Southern Insurance Company in the amount of $120,695.39 for the unpaid insurance premiums. Judgment will be entered accordingly.

