WILLIAM H. PEDERSEN & another[1] *vs.* FRANCIS A. LEAHY, JR.

Norfolk.   April 9, 1986. — June 2, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Evidence*, Of agency. *Agency*, What constitutes. *Contract*, Parties, Sale of
real estate, Building contract, Merger. *Deed*, Acceptance. *Escrow*.

At the trial of a contract action arising out of the construction and sale of
a house by the defendant under a purchase and sale agreement executed
by the plaintiffs and by the defendant, who had signed his name, followed
by the phrase "DBA Neponset Valley Builders" the judge, in light of
sufficient evidence enabling him to find that the defendant had not signed
as an agent for Neponset Valley Builders, Inc., a corporation of which
the defendant was president and treasurer, correctly ruled that the defend-
ant had bound himself individually on the purchase and sale agreement.
[690-691]

In an agreement for purchase and sale of a house built by the defendant, a
provision that "the acceptance of a deed by the Buyer . . . shall be
deemed to be a full performance and discharge of every agreement and
obligation herein contained" applied only to the title to be conveyed,
and not to a collateral undertaking in which, at the time of closing, $750
was placed in escrow to cover additional and, in part, corrective work
which the parties contemplated in their agreement and, absent any indi-
cation that $750 was intended as the ceiling on the defendant's liability,
the defendant was liable for the total cost of the additional work less
the $750 which had already been paid. [691-692]

CIVIL ACTION commenced in the Superior Court Department
on March 17, 1980.

The case was heard by *Alan J. Dimond*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

The case was submitted on briefs.

*Edward J. Richardson* for the defendant.

*Robert G. Wilson, III*, for the plaintiffs.

---

[1] Joanne E. Pedersen.

NOLAN, J. This action was commenced by a complaint which alleges a breach of contract by the defendant arising out of the construction and sale of a single home by the defendant to the plaintiffs. The defendant, Francis A. Leahy, Jr. (Leahy), is identified as the president and treasurer of Neponset Valley Builders, Inc. (Neponset Valley), and also as one who is engaged individually in constructing homes, independent of Neponset Valley.

The two issues on appeal are: (1) whether Leahy is personally liable, and (2) whether the $750 put in escrow at the closing for additional (and, in part, corrective) work on the property is the limit of the defendant's liability. We hold that the trial judge who heard the case without jury was correct in declaring Leahy personally liable and in assessing damages against him in excess of $750.

We learn from the judge's memorandum of decision and order that the plaintiffs purchased a home in Canton from the defendant and that, at the closing, $750 was put in escrow to cover additional work that had to be done to the property by the defendant. The judge's findings were based on a statement of agreed facts, the testimony of the plaintiff Joanne E. Pedersen, and on certain documents.

1. *Leahy's personal liability.* The plaintiffs submitted a signed offer to purchase the property to Neponset Valley, but Leahy personally signed its acceptance. The purchase and sale agreement dated October 16, 1978, was executed by the plaintiffs and by "Francis Leahy, DBA Neponset Valley Builders." An addendum to the purchase and sale agreement was signed by "Francis Leahy, DBA Neponset Valley Builders, Inc." The occupancy permit from the town of Canton was issued to "Francis Leahy."

Neponset Valley appears as the grantor of the deed to the plaintiffs. Leahy executed the deed on its behalf as its president and treasurer. The settlement statement prepared for the closing names Neponset Valley as seller, but Leahy signed it personally on the seller's line. Leahy filed a business certificate with the town clerk of Canton declaring that he did business as Neponset Valley Realty. Leahy admitted that he filed no business certifi-

cate to indicate that he was doing business under the title of Neponset Valley Builders, Inc.

The judge correctly ruled that Leahy bound himself individually on the purchase and sale agreement in describing himself as an individual seller by executing it with his name and "DBA Neponset Valley Builders, Inc." following his name. Leahy "held himself out as entering into the contract as an individual not only by signing it personally, without limitation, but also by naming the corporation as a trade name under which [he], an individual, did business. He, therefore, is obligated personally." *Southern Ins. Co.* v. *Consumer Ins. Agency, Inc.*, 442 F. Supp. 30, 32 (E.D. La. 1977). See *McKendall* v. *Williams*, 467 So.2d 1301 (La. App. 1985). He did not indicate that he was signing as an agent of the corporation, Neponset Valley. Whether one has acted as an agent is ordinarily a question of fact. *Stern* v. *Lieberman*, 307 Mass. 77, 81 (1940). There was sufficient evidence from which the judge could find that he was not signing as an agent. See *Bissonnette* v. *Keyes*, 319 Mass. 134, 136 (1946). Leahy was free to "assume or be known by different names, and contract accordingly." *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31 (1910).

2. *Extent of Leahy's liability.* At closing, the parties allocated $750 for additional work on the house. The defendant argues that he should be liable for no more than $750. The parties agreed that, if material, the cost of the additional work was $11,401, which must be reduced by $750 because this amount has already been paid.

The purchase and sale agreement contained the following standard language which the defendant advances in support of his position: "The acceptance of a deed by the Buyer or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed except such as are, by the terms hereof, to be performed after delivery of said deed."

The "acceptance of deed" clause has generally been applied only to title matters and not to construction problems. See *McMahon* v. *M & D Builders, Inc.*, 360 Mass. 54, 59-60 (1971). Undertakings and promises which are collateral or

additional to the delivery of title, as the additional work is in the instant case, and which are not inconsistent with the deed as given, are considered an exception to the general rule as expressed in the "acceptance of deed" clause and hence, they survive. *Pybus* v. *Grasso*, 317 Mass. 716, 719 (1945).

Alternatively, the defendant argues that if he is liable, his liability is limited to $750. The judge ruled correctly that this was not a provision for liquidated damages and that the $750 was simply security for the required additional work which the parties contemplated in their agreement. The following language of the statement of agreed facts supports this interpretation: "At the time of the closing . . . , the premises which are the subject of this action were not completed and an amount of $750.00 was agreed upon to be held back, in escrow, with Robert Wilson, Esquire, buyers' attorney, pending completion of the work." There is no indication in this language that $750 was intended as the ceiling on the defendant's liability. Therefore, the defendant's argument fails.

In all, we perceive no error in the judge's rulings and order for judgment in the amount of $10,651.

*Judgment affirmed.*