Fecteau, J.
The plaintiffs, James P. Bresnahan and his wife Cynthia L. Bresnahan (Bresnahans) bring this action seeking damages from the defendants, J. Michael Connolly (Connolly), Eric Pearson (Pearson), and Preston Homes, Inc. (Preston Homes) for the alleged defective construction of their residence at 6 Michelle Lane in North Oxford. In their Amended Complaint, the Bresnahans bring the following claims: violation of Chapter 93A against Pearson and Preston Homes (Count I); breach of contract against Preston Homes (Count II); deceit against Preston Homes (Count III); estoppel against Preston Homes, with Connolly and Pearson as its agents (Count IV); breach of express warranty against Preston Homes (Count V); and breach of implied warranty against Preston Homes (Count VI). The defendants now move for summary judgment seeking to dismiss or limit the scope of the plaintiffs’ claims. After hearing, and for reasons more fully discussed below, the defendants’ motion is DENIED.
BACKGROUND
The following facts are undisputed. On June 15, 1994 the Bresnahans and Preston Homes entered a standard form Purchase and Sale Agreement (Agreement). The Agreement was for the purchase and sale of a building lot, located at 6 Michelle Lane in North Oxford, with a house to be built on the lot according to certain plans and specifications attached to and made part of the agreement. Connolly, as Vice President, signed the Agreement on behalf of Preston Homes. Paragraph 13 of the Agreement, entitled “Acceptance of Deed,” provides:
The acceptance of a deed by the BUYER. . . shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.
Attached to the Agreement were the building specifications, the building plans, and the Limited Warranty on the dwelling which would be newly constructed by Preston Homes. All attachments to the Agreement were initialed by the parties.
The Limited Warranty “Coverages” section provides the following:
. . . Builder warrants that the dwelling and its systems will be free from all defects in materials and workmanship other than minor or cosmetic defects and will be in compliance with all applicable building, sanitary, and electrical codes. Buyers must within sixty (60) days of the date of possession, notify the Builder of those defects in workmanship or materials which should be visible or apparent to you upon possession. Following said sixty-day period, such defects shall be presumed to have been in satisfactory condition on the date of possession or to be minor or cosmetic in nature.
The last sentence of the Limited Warranty states, “(t]he Warranty shall not take effect until the earlier of the actual date of closing or the date on which the Buyer takes occupancy of the property.” The term of coverage for the warranty after it takes effect is one year. In a section entitled “Claims Procedure,” the Limited Warranty also provides:
. . . Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration.
According to the Bresnahans’ affidavits, prior to entering the Purchase and Sale Agreement, Connolly was told that the dining room dimensions in the new dwelling would have to be 10’ x 12’ in order to accommodate the family dining room set. When the construction of the home was nearly complete, the Bresnahans compiled a “punch list” of unfinished work to be completed by the closing date. This punch list was sent to Pearson on October 13, 1994. On October 24, 1994, the parties closed on the sale of the property and took possession of the premises.
*106 On March 9, 1995, James Bresnahan wrote Pearson claiming that none of the punch list items had been completed. In his letter, James Bresnahan stated that he was notifying Pearson “per the claims procedure of our signed guarantee,” and that Pearson had “sixty days to make these repairs and finish the work." James Bresnahan sent another letter on March 30, 1995, informing Pearson that the punch list items and new problems persisted with the house. He also notified Pearson that he was invoking the formal claims procedure under the Warranty. Cynthia Bresnahan states in her affidavit that on April 19, 1995, she verbally informed Pearson and Connolly that the family dining room set did not fit into the dining room.[3]
On June 18, 1996, the Bresnahans filed the present action in Worcester District Court, and the defendants removed the case to Superior Court on July 19,1996.[4]
DISCUSSION
The court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Mass.R.Civ.P. 56 (c). The burden on the moving party is to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991) (citations omitted). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The Bresnahans’ claims are primarily based on their assertions that the defendants failed to complete the punch list items as allegedly promised and failed to build the dining room according to the building specifications. The defendants claim that they are entitled to partial summary judgement because paragraph 13, the “Acceptance of the Deed” provision in the Agreement, limits or extinguishes the Bresnahans’ right to bring certain claims regarding the construction of the house, after the October 24, 1995 closing.
The language of Paragraph 13 embodies the doctrine that acceptance of a deed ordinarily merges all obligations in the purchase and sale agreement, except those specified in the deed itself. Solomon v. Birger, 19 Mass.App.Ct. 634, 641 (1985), citing Pybus v. Grasso, 317 Mass. 716, 717 (1963). Standard “acceptance of deed” clauses, such as the one in the present case, however, have generally been applied only to title matters and not to construction problems. See Pederson v. Leahy, 397 Mass. 689, 691 (1986), citing McMahon v. M&D Builders, 360 Mass. 54, 59-60 (1971).
The Bresnahans correctly assert that the undertaking to construct the house, in accordance with certain plans and specifications, is separate and collateral to the undertaking to convey the parcel of land. See Lipson v. Southgate Park Corp., 345 Mass. 621, 625 (1963). Therefore, the Bresnahans’ rights, in relation to the construction of the home, were not extinguished or limited when the deed was accepted on October 24, 1995.
ORDER
For the reasons set forth above, the defendants J. Michael Connolly, Eric Pearson and Preston Homes, Inc.’s Motion for Partial Summary Judgment is DENIED.

There is no evidence that the defendants ever responded in writing to written or verbal correspondences by the Bresnahans.

The parties to not argue that the present dispute is not covered by the arbitration clause under the “Claims Procedure” section of the Warranty, as it is clear that the Bresnahans’ claims regarding the condition of the house arise out of the agreement to construct the house according to certain specifications. It is also clear that the claims procedure had been invoked by the Bresnahans prior to the expiration of the warranty term. What is unclear, however, is why the Bresnahans did not submit the dispute to arbitration before the warranty term expired.