and authorities cited under note 15, art. 710, Vernon's Ann. Tex. Code of Cr. Proc. vol. 2.

The judgment is affirmed.

### On Motion for Rehearing.

#### LATTIMORE, J.

The issues of law and fact herein were correctly decided in our original opinion. It would serve no useful purpose for us to review seriatim the various contentions made in the extended motion for rehearing, which evidences care and study in its preparation, but seems only a review of the same propositions discussed and settled in our original opinion without citation of authorities holding to the contrary.

■ That appellant transported a package was without dispute. If the state witnesses spoke the truth, said package contained whisky. They said they saw appellant running, and saw him break a jar of something in his flight, and Officer Young, who went to the spot at once, said the contents of the jar thus carried and broken was whisky. The testimony of appellant and his witnesses combat the proposition that the package contained whisky. The settlement of such controversy was for the jury, and we are not allowed, where there is evidence supporting the finding, to disturb the verdict. We have examined with interest the legal propositions advanced in the motion, but are unable to agree that any of them are adverse to what we said originally.

The motion for rehearing will be overruled.

### YOUNG'S BUS LINES, Inc., v. REDMON.
#### No. 2127.

Court of Civil Appeals of Texas. Beaumont.
Nov. 20, 1931.

Rehearing Denied Nov. 25, 1931.

A. Ludlow Calhoun and D. C. Marcus, both of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

## O'QUINN, J.

F. C. Redmon, appellee, is a blind man, and a vender of newspapers on the streets of the city of Beaumont. On August 6, 1929, he was such, and at said time had a trained dog that led him on, over, and across the streets of the city while vending his papers. On that date a public bus, operated by appellant, ran over and killed the dog. Appellee brought this suit for $2,500 damages for the killing of the dog. Appellee, plaintiff, alleged that the killing of the dog was directly and proximately caused by the negligence of the defendant, appellant, in the following respects:

(a) In driving the bus within the corporate limits of the city of Beaumont at a rate of speed in excess of twenty miles per hour, the limit fixed by the city ordinance; (b) in failing to keep a proper lookout; (c) in failing to use ordinary care to avoid striking the dog after having seen it crossing the street and thus being in a perilous situation; (d) in employing an unlicensed, inexperienced, and incompetent driver to operate the bus; (e) in employing a driver who had a notoriously bad reputation for negligence; (f) in failing to give proper warning to said dog so that he could have avoided being struck.

Appellant answered by general demurrer, special exceptions, general denial, special plea of unavoidable accident, and by a plea of contributory negligence on the part of appellee.

The case was tried to a jury upon special issues, all of which they answered in favor of appellee, and upon which findings judgment was entered for appellee in the sum of $1,500. Motion for a new trial was overruled, and appellant brings this appeal.

Among other special issues, the court submitted the following:

"Special Issue No. 11.

"What sum of money if paid now will compensate the plaintiff for the loss of the dog?"

"Answer this question by stating the amount in dollars and cents."

"In determining the amount which will compensate the plaintiff for the loss of the dog, if any, you will be governed by the evidence relating to the training and usefulness of the dog and his services to the plaintiff and his special value to the plaintiff, if any."

This was all of the charge relative to the value of the dog. Appellant duly excepted to this charge for several reasons, among them that it did not give to the jury the correct measure of damages, in that it did not tell the jury that the value of the dog was its market value at the time and place where it was killed, if it had a market value, and, if it did not have a market value, then its value would be its intrinsic value to its owner. This exception was overruled, and error is assigned.

We think the assignment must be sustained. Appellee alleged in his petition that "the reasonable market value of said dog was the sum of Two Thousand Five Hundred ($2500.00) Dollars, and in the alternative the special and peculiar value of said dog to plaintiff * * * was and is the sum of Two Thousand Five Hundred ($2500.00) Dollars." There was no proof either that there was or was not a market value for such a dog, but the proof was confined to its special or intrinsic value. Appellee alleged the dog's market value. If there was a market value for such a dog, then that was the measure of the damages, and the burden of proof was upon appellant to show same, but, if it appeared that there was no market value for such a dog, then its intrinsic or actual value to its owner would be the measure of damages. Before the actual value can be shown, it must appear that there is no market value. 13 Encyc. Evidence, 510; Continental Oil & Cotton Co. v. Wristen & Johnson (Tex. Civ. App.) 168 S. W. 395; Heiligmann v. Rose, 81 Tex. 222, 225, 16 S. W. 931, 13 L. R. A. 272, 26 Am. St. Rep. 804.

Appellant further assigns error to the sufficiency of the evidence to support the verdict of the jury that the dog was worth $1,500 to his owner. We sustain this assignment. It would serve no useful purpose to set out the evidence bearing upon this issue, but we will say that, after a very careful consideration of the whole record, we do not believe there is a sufficient showing of the things or

elements of value going to make up or constitute the intrinsic or actual value of the dog to appellee. The evidence should more definitely and specifically disclose that upon which the actual value of the dog was based.

■ It was not proper for appellee to be permitted to testify that he would not have taken $5,000 for his dog. We have already stated that the measure of damages was the market value of the dog at the time and place where it was killed, or, in the absence of a market value, then the intrinsic or actual value to appellee. Any peculiar or sentimental value placed upon the dog by appellee, or what he considered the dog worth to him, was not admissible.

It is not necessary to discuss the other matters presented, as they may not arise upon another trial. The judgment is reversed, and the cause remanded for another trial.