**Richard and Susan ZEID, Appellants,**

v.

**Dr. William PEARCE, d/b/a Coronado Animal Clinic, Appellee.**

No. 08–96–00358–CV.

Court of Appeals of Texas,
El Paso.

July 10, 1997.

**369**

Michael L. Aaronson, El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Before CHEW, J., and JOHN G. HILL and FARRIS, JJ., Sitting by Assignment.

## OPINION

JOHN G. HILL, Justice (Assigned).

Richard and Susan Zeid appeal from the trial court's order dismissing their lawsuit against Dr. William Pearce, d/b/a Coronado Animal Clinic, for veterinary malpractice. The trial court based its order upon the Zeids' failure to amend their petition to seek damages other than for pain and suffering, mental anguish, and loss of earnings. They contend in a single point of error that the trial court erred in sustaining Dr. Pearce's special exceptions and dismissing their lawsuit because pain and suffering and mental anguish are damages that are recoverable for the loss of a pet.

We affirm because one may not recover damages for pain and suffering or mental anguish for the loss of a pet.

The Zeids alleged in their original petition that they brought their dog, Persephone, to Dr. Pearce for vaccinations. They indicated that Dr. Pearce knew from previous vaccinations that the dog suffered from allergic reactions. According to the petition, Dr. Pearce was negligent and this caused the death of the dog, which went into convulsions after receiving the vaccination.

Dr. Pearce filed a special exception to the Zeids' pleading on the basis that such damages are not recoverable in Texas for the death of a dog. The trial court granted Dr. Pearce's special exception in order to afford the Zeids' an opportunity to replead and seek recoverable damages. When the Zeids declined to replead and seek other damages, the trial court dismissed the suit.

■ As previously noted, the Zeids' sole point of error is that the trial court erred in granting Dr. Pearce's special exception and subsequently dismissing their cause of action because pain and suffering and mental anguish are damages that are recoverable for the loss of a pet.

■ In Texas, the recovery for the death of a dog is the dog's market value, if any, or some special or pecuniary value to the owner that may be ascertained by reference to the dog's usefulness or services. *Heiligmann v. Rose,* 81 Tex. 222, 225, 16 S.W. 931, 932 (1891). We find this longstanding Texas rule to be inconsistent with the Zeids' claim for pain and suffering and mental anguish.

The Zeids rely solely on the cases of *Bueckner v. Hamel,* 886 S.W.2d 368 (Tex. App.—Houston [1st Dist.] 1994, writ denied) and *Porras v. Craig,* 675 S.W.2d 503, 507 (Tex.1984). In *Bueckner,* the Court held that there was evidence to support damages for the pecuniary value of two intentionally-killed dogs. *Bueckner,* 886 S.W.2d at 372. In so holding, the Court indicated that although one could not recover damages for the loss of prospective progeny, the breeding potential of the dogs may be considered in determining the value of the breeding animal. *Id.* at 371. In the case at bar, the Zeids have never sought to recover for the pecuniary value of their dog, only for pain and suffering and mental anguish.

It is not the *Bueckner* opinion itself upon which the Zeids rely, but the concurring opinion by Justice Andell in which he wrote that a pet owner should not be limited to recovery of market value for the loss of a pet but should be able to recover either the market value or the special or intrinsic value of such pets because of the great affection their owners have for them, even though the animal might have no market value. *Bueckner,* 886 S.W.2d at 378. We first note that Justice Andell's opinion was a concurring opinion, not the majority opinion in *Bueckner.* However, even if Justice Andell's con-

clusion is correct, we note that in this case, the Zeids pleaded for damages for pain and suffering and mental anguish, not for the special or intrinsic value of their dog.

In *Porras v. Craig*, 675 S.W.2d 503 (Tex. 1984), the plaintiff brought his case to recover damages for the destruction of certain trees on his property by a neighbor. *Id.* at 504. The Court reversed the trial court's judgment for the plaintiff, holding that the plaintiff's testimony went to intrinsic value of the trees, rather than market value, and therefore did not support the jury's findings in regard to market value. The Court went on to say that in such a case, if the cutting of the trees did not reduce the market value of the plaintiff's property, then he could receive damages for the intrinsic value of the trees. This case is not helpful to the Zeids because as we have previously noted, the Zeids were seeking damages for pain and suffering and mental anguish, not for the intrinsic value of their dog.

We also note that the Texas Supreme Court has held that one may not recover damages for bystander recovery for mental anguish in medical malpractice cases. *See Edinburg Hospital Authority v. Trevino*, 941 S.W.2d 76, 81 (Tex.1997). We see no reason why the same rule would not apply in cases involving death due to veterinary malpractice. *See Downing v. Gully*, 915 S.W.2d 181, 183 (Tex.App.—Fort Worth 1996, writ denied).

Because the Zeids did not plead for damages for the loss of their dog that are recoverable in Texas, the trial court did not err in sustaining Dr. Pearce's special exception and dismissing their cause of action. We overrule the Zeids' sole point of error.

The judgment is affirmed.