Margaret PARKER and Jimmy Harville, Both Individually and as Next Friends of Sidney Harville, a Minor, Petitioners,

v.

Shannan Weaver BAREFIELD and Champion EMS, Respondents.

No. 06–0201.

Supreme Court of Texas.

Oct. 27, 2006.

Michael R. McGown, Kathleen Marie Kennedy, Benckenstein, Norvell & Nathan, L.L.P., Beaumont TX, Richard S. Fischer, The Law Office of Richard S. Fischer, Nacogdoches TX, for Petitioners.

Lynn Cullen Moore, Nathan Montgomery Rymer, Debra Ibarra Mayfield, Rymer, Moore, Jackson & Echols, P.C., Houston TX, for Respondents.

PER CURIAM.

■ In this appeal we consider how to preserve error when a trial court sustains special exceptions and then dismisses the case without first allowing the plaintiff the opportunity to amend its pleadings. The court of appeals affirmed the dismissal, concluding that the plaintiffs had waived the error by failing to assert their right to replead in a motion for new trial. 202 S.W.3d 211, 213. We disagree that a motion for new trial was needed to preserve error here because the plaintiffs had already asserted their right to replead and had, in fact, amended their pleadings before the trial court sustained the special exceptions and dismissed their case.

Margaret Parker and Jimmy Harville, individually and as next friend of their minor child, sued an emergency medical technician and her employer, claiming that their negligence contributed to their child's injuries. In an amended answer, the emergency medical workers pled the "Good Samaritan Law," which protects emergency medical personnel from civil damages unless the plaintiff asserts willful or wanton negligence. See TEX. CIV. PRAC. & REM.CODE § 74.152. The emergency medical workers then filed special exceptions and a motion to dismiss. The parents subsequently amended their petition to include willful and wanton negligence. They also filed a response to the motion to dismiss, including a request for leave to amend their pleadings.

The trial court granted the special exceptions and simultaneously dismissed the parents' case with prejudice. The court of appeals affirmed, concluding a motion for new trial was necessary to preserve error for appeal. 202 S.W.3d.at 213.

■ Special exceptions are appropriate to challenge a plaintiff's failure to state a cause of action. TEX.R. CIV. P. 91. But once the trial court sustains the special exceptions, if the defect is curable, it must allow the pleader an opportunity to amend. See Friesenhahn v. Ryan, 960 S.W.2d 656, 658 (Tex.1998). If the trial court fails to provide this opportunity, the aggrieved party must prove that the opportunity to replead was requested and denied to preserve the error for review. TEX.R.APP. P. 33.1(a).

The court of appeals, relying on Inglish v. Prudential Insurance Company of America, 928 S.W.2d 702, 705 (Tex.App.-Houston [1st Dist.] 1996, writ denied), concluded that the parents had waived the trial court's error by not complaining in a motion for new trial, following the trial court's dismissal of their case. 202 S.W.3d at 212. As in our present case, the trial court in Inglish sustained special exceptions and rendered judgment without affording the plaintiffs an opportunity to amend their pleadings. The appellate court concluded that the error had been waived because the record failed to reflect that the appellants had ever sought to amend their pleadings. Inglish, 928 S.W.2d at 705. In contrast, the record

here reflects that the parents not only requested leave to amend, but also filed amended pleadings before the trial court dismissed their case. Their request was effectively denied when the trial court granted special exceptions and dismissed the case. Under these circumstances, an additional request to amend in a motion for new trial was not necessary to preserve error. *Cf. Howell v. Coca–Cola Bottling Co. of Lubbock, Inc.*, 599 S.W.2d 801, 802 (Tex.1980)(per curiam)(formal motion for new trial no longer an absolute predicate for appeal).

We reverse the court of appeals' judgment, and, without hearing oral argument, TEX.R.APP. P. 59.1, we remand the cause to the trial court for further proceedings consistent with our opinion.