02-11-105-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00105-CV

 

 


 
 
 Kathryn and Jeremy Medlen
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Carla Strickland
 
 
  
 
 
 APPELLEE
 
 


 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

OPINION

----------

 

Appellants Kathryn and Jeremy Medlen appeal the dismissal
of their suit against Appellee Carla Strickland for the death of their dog.  We
will reverse and remand the case to the trial court.

Background Facts

 

          On
or about June 2, 2009, the Medlens’ dog, Avery, escaped from their backyard and
was picked up by animal control.  Jeremy went to the animal shelter to retrieve
Avery but did not have enough money with him to pay the fees.  He was told that
he could return for the dog on June 10, and a “hold for owner” tag was placed
on Avery’s cage, notifying employees that the dog was not to be euthanized.  On
June 6, Strickland, a shelter employee, made a list of animals that would be
euthanized the following day.  She put Avery on the list, contrary to the “hold
for owner” tag.  Avery was put down the next day.  When the Medlens returned
for the dog a few days later, they learned of his fate.

          The
Medlens sued Strickland, alleging that her negligence proximately caused
Avery’s death.[1] 
They sued for Avery’s “sentimental or intrinsic value” because he had little or
no market value and was irreplaceable.  Strickland specially excepted to the
Medlens’ claim for intrinsic value damages on the grounds that such damages are
not recoverable for the death of a dog.  The trial judge granted the special
exception and ordered the Medlens to amend their pleadings to “state a claim
for damages recognized at law.”  The Medlens filed an amended petition but
reasserted that they were seeking damages for Avery’s “intrinsic value” only. 
Strickland specially excepted again, and the trial judge dismissed the lawsuit. 
The Medlens appealed.

Discussion

          The
Medlens’ sole issue on appeal is whether a party can recover intrinsic or
sentimental damages for the loss of a dog.  In issues that turn on a pure
question of law, we do not defer to the legal determinations of the trial court
but instead apply a de novo standard of review.  El Paso Natural Gas Co. v.
Minco Oil & Gas, Inc., 8 S.W.3d 309, 312 (Tex. 1999).

The Medlens argue that the Texas Supreme Court has
repeatedly held that where personal property has little or no market value,
damages can be awarded based on the intrinsic or sentimental value of the
personal property.  City of Tyler v. Likes, 962 S.W.2d 489, 497 (Tex.
1997); Porras v. Craig, 675 S.W.2d 503, 506 (Tex. 1984); Brown v.
Frontier Theatres, Inc., 369 S.W.2d 299, 304–05 (Tex. 1963).  Dogs are
personal property under Texas law.  Arrington v. Arrington, 613 S.W.2d
565, 569 (Tex. Civ. App.—Fort Worth 1981, no writ).  Therefore, the Medlens
argue that they should be able to recover the intrinsic value of their dog. 
Strickland contends that under an 1891 supreme court case, dogs are treated
differently under the law than other personal property.  See Heiligmann v.
Rose, 81 Tex. 222, 16 S.W. 931 (Tex. 1891).  For dogs, a party can
only recover the market value, if there is any, or a special or pecuniary value
determined by the usefulness or services of the dog.  Id. at 932. 
Strickland argues that Heiligmann prohibits consideration of the sentimental
value of the animal in determining its “usefulness” to the owner.

          In
Heiligmann, the trial court awarded damages to the appellees after three
of their dogs were maliciously poisoned by Heiligmann.  Id. at 931.  The
dogs “were of a fine breed, and well trained”; one of the dogs used different
barks to signal to appellees whether an approaching person was a man, woman, or
child.  Id. at 932.  One of the appellees testified that the dogs could
have been sold for $5 each, but that she would not have been willing to part
with them for $50 apiece.  Id.  Heiligmann argued that there was no
evidence presented supporting a market or pecuniary value of the dogs or that
their use or service was valuable to their owner.  Id.  The court upheld
the damages award, holding that the value of a dog may be determined by “either
a market value, if the dog has any, or some special or pecuniary value to the
owner, that may be ascertained by reference to the usefulness and services of
the dog.”  Id.  In that case, “the evidence [was] ample showing the
usefulness and services of the dogs, and that they were of special value to the
owner.”  Id.  The court reasoned that the jury could infer the value of
the dogs “when the owner, by evidence, fixes some amount upon which they could
form a basis.”  Id.

          The
Texas Supreme Court has not dealt directly with the value of a lost pet in the
120 years since Heiligmann, but in more recent cases, it has
explicitly held that where personal property has little or no market value, and
its main value is in sentiment, damages may be awarded based on this intrinsic
or sentimental value.  See Likes, 962 S.W.2d at 497 (reaffirming
recovery of sentimental value for items that have little or no market value,
such as family correspondence, family photographs, and keepsakes); Porras,
675 S.W.2d at 506 (adopting “intrinsic value rule” and awarding intrinsic value
for the loss of shade or ornamental trees); Brown, 369 S.W.2d at 304–05
(awarding sentimental damages for loss of items such as wedding veil, shoes,
point lace collar, watch, and slumber spreads).  The Medlens contend that the
notion that the Texas Supreme Court intended to exclude dogs from the intrinsic
value rule appears nowhere in these subsequent opinions.  They argue that to
treat a dog differently than all other personal property would be irrational.

          Strickland
points out that several courts of appeals’ decisions have reaffirmed Heiligmann
by holding that damages for the loss of a dog can only be based on market value
or a value ascertained from its usefulness or services, not companionship or
sentimental value.  See Petco Animal Supplies, Inc. v. Schuster,
144 S.W.3d 554 (Tex. App.—Austin 2004, no pet.) (interpreting Heiligmann
to mean that special or pecuniary value can only be derived solely from the
dog’s usefulness or services, not from companionship or other sentimental
considerations); Zeid v. Pearce, 953 S.W.2d 368 (Tex. App.—El Paso 1997,
no writ) (denying damages for pain and suffering or mental anguish for the loss
of a pet);  Bueckner v. Hamel, 886 S.W.2d 368 (Tex. App.—Houston [1st
Dist.] 1994, writ denied) (using expected stud fees to determine pecuniary
value); Young’s Bus Lines, Inc. v. Redmon, 43 S.W.2d 266 (Tex. Civ.
App.—Beaumont 1931, no writ) (stating that peculiar or sentimental value of a dog
or what it was worth to its owner is not admissible).

          Redmon
was decided more than thirty years before the Texas Supreme Court held in Brown
that sentimental damages could be awarded for personal property.  We disagree
with Redmon regarding the sentimental value of a dog to its owner based
on later supreme court decisions.

          We
also disagree with Strickland’s position that Bueckner supports the idea
that sentimental value is not recoverable.  In that case, the plaintiff sued
the defendant for shooting two of his dogs.  Bueckner, 886 S.W.2d at
370.  The trial court determined that the dogs had a market value, pecuniary
value, intrinsic value as companions, and special value as loved pets, and it
awarded the plaintiff $1,825 in “actual damages.”  Id.  The defendant
appealed, arguing that the court had erred by basing the award on the value of
the puppies that the dogs would have produced in the future.  Id.  The
appeals court agreed that the value of the dogs themselves, not the value of
their unborn puppies, must be determined, but held that the evidence was both
legally and factually sufficient to support the trial court’s finding of actual
damages “based on the pecuniary value of the dogs to the [plaintiff].”  Id.
at 371–72.  In doing so, the court considered the breed of the dogs and their
owner’s plan to use them for breeding in the future.  Id.  As the
concurrence in Bueckner points out, the defendant did not challenge the
trial court’s findings of fact that addressed the intrinsic value of the pets. 
Id. at 373 (Andell, J., concurring).  The majority thus did not address
that issue.  Justice Andell wrote separately only to address an alternative
basis for the award on which he had strong feelings.  See id. at 377 (“I
consider [pets] to belong to a unique category of ‘property’ that neither
statutory law nor caselaw has yet recognized.”).

          Zeid
also does not support Strickland’s argument that sentimental value is not
recoverable.  In Zeid, plaintiffs sought to recover pain and suffering
and mental anguish damages for the loss of their dog.  953 S.W.2d at 369.  The
court of appeals affirmed the trial court’s ruling that pain and suffering and
mental anguish cannot be recovered for the loss of a pet.  Id.  The
court restated the rule from Heiligmann, allowing for either market
value or special value based on the dog’s usefulness or services.  Id. 
The court discussed Porras, awarding intrinsic value for shade trees,
and Bueckner, but it found these cases unhelpful because the plaintiff
never pleaded special or intrinsic value.  Id. at 369–70.  As with Bueckner,
the court in Zeid was silent on the issue of companionship and
sentimental value.

          In
Petco, the plaintiff was awarded damages, including lost wages, mental
anguish, emotional distress, and intrinsic value, for loss of companionship
after her dog escaped from a groomer and was run over.  144 S.W.3d at 557.  Petco
appealed, asserting that as a matter of law the trial court could not award
lost wages, mental anguish, counseling costs, and loss of companionship damages
for the loss of a dog.  Id. at 560.  The court of appeals agreed, citing
Heiligmann’s rule of either market value or some special or pecuniary
value based on usefulness or services of the dog.  Id. at 561.  The
court went on to state, “Heiligmann makes clear that the ‘special or
pecuniary value’ of a dog to its owner refers solely to economic value derived
from the dog’s usefulness and services, not value attributed to companionship
or other sentimental considerations.”  Id.  Intrinsic value for loss of
companionship was among the damages that were reversed.  Id. at 565.

          We
respectfully disagree with our sister court’s interpretation of Heiligmann
and its holding in Petco regarding intrinsic value for loss of
companionship.  Heiligmann does not say that special value is derived
“solely” from usefulness or services and that it does not include companionship
or sentimental value.  Heiligmann says that the value of a dog “may be”
ascertained from usefulness or services.  16 S.W. at 932.  And nowhere does Heiligmann
state what should be considered in assessing the usefulness or services of a
dog.  It certainly did not rule out companionship or sentimental value.  The Heiligmann
opinion never uses the term “intrinsic value” or “sentimental value”;
therefore, the opinion cannot preclude an award of damages never specifically
discussed.  The Heiligmann court reasoned,

The law recognizes a
property in dogs, and for a trespass and infraction of
this right the law gives the owner his remedy.  The wrong-doer cannot escape
the consequences of his acts by saying, ‘You have suffered no damages,’ for the
law implies that some damages result from every illegal trespass or invasion of
another’s rights.

 

Id. at
225–26.

Strickland argues that the Medlens “are asking this Court
of Appeals to overturn one hundred and twenty years of law” and that we are
“not empowered to make such a ruling.”  First of all, there is a difference
between overruling one hundred and twenty years of law and overruling one
one-hundred-and-twenty-year-old case.  Second, we are doing neither of those
things.  We are duty-bound to interpret Heiligmann in light of
subsequent supreme court decisions which have developed and refined the law
concerning intrinsic value damages.

The Heiligmann court still stated that the dogs
“were of a special value to the owner.”  Id. at 226.  That special value
must be more than the market value of a well-trained dog.  A dog’s ability to
use certain barks to alert its owner to the gender and general age of an
approaching visitor would surely be included in its price if it were sold.  We
believe that the special value alluded to by the Heiligmann court may be
derived from the attachment that an owner feels for his pet.

          Strickland
attempts to distinguish this case from the supreme court decisions allowing
sentimental damages for personal property by arguing that sentimental value is
only recoverable for heirlooms or property that takes a long time to replace,
such as trees.  According to Strickland’s position, intrinsic damages could be
awarded for a sentimental photograph of a family and its dog, but not for the
dog itself.  Strickland’s position might also allow intrinsic damages for a pet
that had been inherited from a loved one, but not a pet that had been
purchased.  We find little reason in this argument and do not believe that it
reflects the attachment owners have to their beloved family pets.

          Finally,
as Strickland has admitted, Texas law has changed greatly since 1891.  Heiligmann
was decided at a time when Texas law did not allow recovery for the sentimental
value of any personal property.  See, e.g., Mo., Kan. & Tex. Ry. Co. of
Tex. v. Dement, 115 S.W. 635, 637 (Tex. Civ. App.––Dallas 1909, no writ)
(“It seems to be well settled in this state that the measure of damages for the
loss of articles which have no market value, and which cannot be replaced or
reproduced, is the actual loss in money sustained by the owner by reason of his
being deprived of such articles, and not any fanciful price that he might, for
special reasons, place upon them.”).  In that way, Heiligmann was ahead
of its time by noting that the dogs “were of special value to the owner.”  16
S.W. at 932.  As we noted above, sentimental damages may now be recovered for the
loss or destruction of all types of personal property.  See Likes,
962 S.W.2d at 497; Porras, 675 S.W.2d at 506; Brown, 369 S.W.2d
at 304–05.  Because of the special position pets hold in their family, we see
no reason why existing law should not be interpreted to allow recovery in the
loss of a pet at least to the same extent as any other personal property.  Cf.
Bueckner, 886 S.W.2d at 377–78 (Andell, J., concurring) (“Society has long
since moved beyond the untenable Cartesian view that animals are unfeeling
automatons and, hence, mere property.  The law should reflect society’s
recognition that animals are sentient and emotive beings that are capable of
providing companionship to the humans with whom they live.”).  Dogs are
unconditionally devoted to their owners.  Today, we interpret timeworn supreme
court law in light of subsequent supreme court law to acknowledge that the
special value of “man’s best friend” should be protected.

Because an owner may be awarded damages based on the
sentimental value of lost personal property, and because dogs are personal
property, the trial court erred in dismissing the Medlens’ action against
Strickland.  We sustain the Medlens’ sole issue on appeal.

          Strickland
raises a cross-point, asking that the case be remanded if reversed, so that she
may file a motion to dismiss on grounds of governmental immunity.  Because we have
sustained the Medlens’ sole issue and are remanding the case to the trial court
on that basis, we do not need to reach Strickland’s cross-point seeking the
same relief of remand.  See Tex. R. App. P. 38.2(b)(2).

Conclusion

Having sustained the Medlens’ sole issue on appeal, and
because we do not need to reach Strickland’s cross-point, we reverse the
judgment of the trial court and remand the case for further proceedings
consistent with this opinion.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  November 3, 2011









[1]The Medlens also sued another employee of animal control,
whom they later nonsuited.  He is not a party to this appeal.