

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00105-CV

KATHRYN AND JEREMY MEDLEN                                APPELLANTS

V.

CARLA STRICKLAND                                          APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## OPINION

----------

Appellants Kathryn and Jeremy Medlen appeal the dismissal of their suit against Appellee Carla Strickland for the death of their dog. We will reverse and remand the case to the trial court.

### Background Facts

On or about June 2, 2009, the Medlens' dog, Avery, escaped from their backyard and was picked up by animal control. Jeremy went to the animal shelter to retrieve Avery but did not have enough money with him to pay the fees. He was told that he could return for the dog on June 10, and a "hold for owner"

tag was placed on Avery's cage, notifying employees that the dog was not to be euthanized. On June 6, Strickland, a shelter employee, made a list of animals that would be euthanized the following day. She put Avery on the list, contrary to the "hold for owner" tag. Avery was put down the next day. When the Medlens returned for the dog a few days later, they learned of his fate.

The Medlens sued Strickland, alleging that her negligence proximately caused Avery's death.[1] They sued for Avery's "sentimental or intrinsic value" because he had little or no market value and was irreplaceable. Strickland specially excepted to the Medlens' claim for intrinsic value damages on the grounds that such damages are not recoverable for the death of a dog. The trial judge granted the special exception and ordered the Medlens to amend their pleadings to "state a claim for damages recognized at law." The Medlens filed an amended petition but reasserted that they were seeking damages for Avery's "intrinsic value" only. Strickland specially excepted again, and the trial judge dismissed the lawsuit. The Medlens appealed.

## Discussion

The Medlens' sole issue on appeal is whether a party can recover intrinsic or sentimental damages for the loss of a dog. In issues that turn on a pure question of law, we do not defer to the legal determinations of the trial court but instead apply a de novo standard of review. *El Paso Natural Gas Co. v. Minco*

---

[1]The Medlens also sued another employee of animal control, whom they later nonsuited. He is not a party to this appeal.

*Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999).

The Medlens argue that the Texas Supreme Court has repeatedly held that where personal property has little or no market value, damages can be awarded based on the intrinsic or sentimental value of the personal property. *City of Tyler v. Likes*, 962 S.W.2d 489, 497 (Tex. 1997); *Porras v. Craig*, 675 S.W.2d 503, 506 (Tex. 1984); *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 304–05 (Tex. 1963). Dogs are personal property under Texas law. *Arrington v. Arrington*, 613 S.W.2d 565, 569 (Tex. Civ. App.—Fort Worth 1981, no writ). Therefore, the Medlens argue that they should be able to recover the intrinsic value of their dog. Strickland contends that under an 1891 supreme court case, dogs are treated differently under the law than other personal property. *See Heiligmann v. Rose*, 81 Tex. 222, 16 S.W. 931 (Tex. 1891). For dogs, a party can only recover the market value, if there is any, or a special or pecuniary value determined by the usefulness or services of the dog. *Id*. at 932. Strickland argues that *Heiligmann* prohibits consideration of the sentimental value of the animal in determining its "usefulness" to the owner.

In *Heiligmann*, the trial court awarded damages to the appellees after three of their dogs were maliciously poisoned by Heiligmann. *Id.* at 931. The dogs "were of a fine breed, and well trained"; one of the dogs used different barks to signal to appellees whether an approaching person was a man, woman, or child. *Id*. at 932. One of the appellees testified that the dogs could have been sold for $5 each, but that she would not have been willing to part with them for $50

3

apiece. *Id.* Heiligmann argued that there was no evidence presented supporting a market or pecuniary value of the dogs or that their use or service was valuable to their owner. *Id.* The court upheld the damages award, holding that the value of a dog may be determined by "either a market value, if the dog has any, or some special or pecuniary value to the owner, that may be ascertained by reference to the usefulness and services of the dog." *Id.* In that case, "the evidence [was] ample showing the usefulness and services of the dogs, and that they were of special value to the owner." *Id.* The court reasoned that the jury could infer the value of the dogs "when the owner, by evidence, fixes some amount upon which they could form a basis." *Id.*

The Texas Supreme Court has not dealt directly with the value of a lost pet in the 120 years since *Heiligmann*, but in more recent cases, it has explicitly held that where personal property has little or no market value, and its main value is in sentiment, damages may be awarded based on this intrinsic or sentimental value. *See Likes*, 962 S.W.2d at 497 (reaffirming recovery of sentimental value for items that have little or no market value, such as family correspondence, family photographs, and keepsakes); *Porras*, 675 S.W.2d at 506 (adopting "intrinsic value rule" and awarding intrinsic value for the loss of shade or ornamental trees); *Brown*, 369 S.W.2d at 304–05 (awarding sentimental damages for loss of items such as wedding veil, shoes, point lace collar, watch, and slumber spreads). The Medlens contend that the notion that the Texas Supreme Court intended to exclude dogs from the intrinsic value rule appears

4

nowhere in these subsequent opinions. They argue that to treat a dog differently than all other personal property would be irrational.

Strickland points out that several courts of appeals' decisions have reaffirmed *Heiligmann* by holding that damages for the loss of a dog can only be based on market value or a value ascertained from its usefulness or services, not companionship or sentimental value. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554 (Tex. App.—Austin 2004, no pet.) (interpreting *Heiligmann* to mean that special or pecuniary value can only be derived solely from the dog's usefulness or services, not from companionship or other sentimental considerations); *Zeid v. Pearce*, 953 S.W.2d 368 (Tex. App.—El Paso 1997, no writ) (denying damages for pain and suffering or mental anguish for the loss of a pet); *Bueckner v. Hamel*, 886 S.W.2d 368 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (using expected stud fees to determine pecuniary value); *Young's Bus Lines, Inc. v. Redmon*, 43 S.W.2d 266 (Tex. Civ. App.—Beaumont 1931, no writ) (stating that peculiar or sentimental value of a dog or what it was worth to its owner is not admissible).

*Redmon* was decided more than thirty years before the Texas Supreme Court held in *Brown* that sentimental damages could be awarded for personal property. We disagree with *Redmon* regarding the sentimental value of a dog to its owner based on later supreme court decisions.

We also disagree with Strickland's position that *Bueckner* supports the idea that sentimental value is not recoverable. In that case, the plaintiff sued the

5

defendant for shooting two of his dogs. *Bueckner*, 886 S.W.2d at 370. The trial court determined that the dogs had a market value, pecuniary value, intrinsic value as companions, and special value as loved pets, and it awarded the plaintiff $1,825 in "actual damages." *Id*. The defendant appealed, arguing that the court had erred by basing the award on the value of the puppies that the dogs would have produced in the future. *Id*. The appeals court agreed that the value of the dogs themselves, not the value of their unborn puppies, must be determined, but held that the evidence was both legally and factually sufficient to support the trial court's finding of actual damages "based on the pecuniary value of the dogs to the [plaintiff]." *Id*. at 371–72. In doing so, the court considered the breed of the dogs and their owner's plan to use them for breeding in the future. *Id*. As the concurrence in *Bueckner* points out, the defendant did not challenge the trial court's findings of fact that addressed the intrinsic value of the pets. *Id.* at 373 (Andell, J., concurring). The majority thus did not address that issue. Justice Andell wrote separately only to address an alternative basis for the award on which he had strong feelings. *See id.* at 377 ("I consider [pets] to belong to a unique category of 'property' that neither statutory law nor caselaw has yet recognized.").

*Zeid* also does not support Strickland's argument that sentimental value is not recoverable. In *Zeid*, plaintiffs sought to recover pain and suffering and mental anguish damages for the loss of their dog. 953 S.W.2d at 369. The court of appeals affirmed the trial court's ruling that pain and suffering and mental

6

anguish cannot be recovered for the loss of a pet. *Id*. The court restated the rule from *Heiligmann*, allowing for either market value or special value based on the dog's usefulness or services. *Id*. The court discussed *Porras*, awarding intrinsic value for shade trees, and *Bueckner*, but it found these cases unhelpful because the plaintiff never pleaded special or intrinsic value. *Id*. at 369–70. As with *Bueckner*, the court in *Zeid* was silent on the issue of companionship and sentimental value.

In *Petco*, the plaintiff was awarded damages, including lost wages, mental anguish, emotional distress, and intrinsic value, for loss of companionship after her dog escaped from a groomer and was run over. 144 S.W.3d at 557. Petco appealed, asserting that as a matter of law the trial court could not award lost wages, mental anguish, counseling costs, and loss of companionship damages for the loss of a dog. *Id*. at 560. The court of appeals agreed, citing *Heiligmann*'s rule of either market value or some special or pecuniary value based on usefulness or services of the dog. *Id*. at 561. The court went on to state, "*Heiligmann* makes clear that the 'special or pecuniary value' of a dog to its owner refers solely to economic value derived from the dog's usefulness and services, not value attributed to companionship or other sentimental considerations." *Id*. Intrinsic value for loss of companionship was among the damages that were reversed. *Id*. at 565.

7

We respectfully disagree with our sister court's interpretation of *Heiligmann* and its holding in *Petco* regarding intrinsic value for loss of companionship. *Heiligmann* does not say that special value is derived "solely" from usefulness or services and that it does not include companionship or sentimental value. *Heiligmann* says that the value of a dog "may be" ascertained from usefulness or services. 16 S.W. at 932. And nowhere does *Heiligmann* state what should be considered in assessing the usefulness or services of a dog. It certainly did not rule out companionship or sentimental value. The *Heiligmann* opinion never uses the term "intrinsic value" or "sentimental value"; therefore, the opinion cannot preclude an award of damages never specifically discussed. The *Heiligmann* court reasoned,

> The law recognizes a property in dogs, and for a trespass and infraction of this right the law gives the owner his remedy. The wrong-doer cannot escape the consequences of his acts by saying, 'You have suffered no damages,' for the law implies that some damages result from every illegal trespass or invasion of another's rights.

*Id*. at 225–26.

Strickland argues that the Medlens "are asking this Court of Appeals to overturn one hundred and twenty years of law" and that we are "not empowered to make such a ruling." First of all, there is a difference between overruling one hundred and twenty years of law and overruling one one-hundred-and-twenty-year-old case. Second, we are doing neither of those things. We are duty-bound to interpret *Heiligmann* in light of subsequent supreme court

8

decisions which have developed and refined the law concerning intrinsic value damages.

The *Heiligmann* court still stated that the dogs "were of a special value to the owner." *Id*. at 226. That special value must be more than the market value of a well-trained dog. A dog's ability to use certain barks to alert its owner to the gender and general age of an approaching visitor would surely be included in its price if it were sold. We believe that the special value alluded to by the *Heiligmann* court may be derived from the attachment that an owner feels for his pet.

Strickland attempts to distinguish this case from the supreme court decisions allowing sentimental damages for personal property by arguing that sentimental value is only recoverable for heirlooms or property that takes a long time to replace, such as trees. According to Strickland's position, intrinsic damages could be awarded for a sentimental photograph of a family and its dog, but not for the dog itself. Strickland's position might also allow intrinsic damages for a pet that had been inherited from a loved one, but not a pet that had been purchased. We find little reason in this argument and do not believe that it reflects the attachment owners have to their beloved family pets.

Finally, as Strickland has admitted, Texas law has changed greatly since 1891. *Heiligmann* was decided at a time when Texas law did not allow recovery for the sentimental value of any personal property. *See, e.g., Mo., Kan. & Tex. Ry. Co. of Tex. v. Dement*, 115 S.W. 635, 637 (Tex. Civ. App.—Dallas 1909, no

9

writ) ("It seems to be well settled in this state that the measure of damages for the loss of articles which have no market value, and which cannot be replaced or reproduced, is the actual loss in money sustained by the owner by reason of his being deprived of such articles, and not any fanciful price that he might, for special reasons, place upon them."). In that way, *Heiligmann* was ahead of its time by noting that the dogs "were of special value to the owner." 16 S.W. at 932. As we noted above, sentimental damages may now be recovered for the loss or destruction of all types of personal property. *See Likes*, 962 S.W.2d at 497; *Porras*, 675 S.W.2d at 506; *Brown*, 369 S.W.2d at 304–05. Because of the special position pets hold in their family, we see no reason why existing law should not be interpreted to allow recovery in the loss of a pet at least to the same extent as any other personal property. *Cf. Bueckner*, 886 S.W.2d at 377–78 (Andell, J., concurring) ("Society has long since moved beyond the untenable Cartesian view that animals are unfeeling automatons and, hence, *mere* property. The law should reflect society's recognition that animals are sentient and emotive beings that are capable of providing companionship to the humans with whom they live."). Dogs are unconditionally devoted to their owners. Today, we interpret timeworn supreme court law in light of subsequent supreme court law to acknowledge that the special value of "man's best friend" should be protected.

Because an owner may be awarded damages based on the sentimental value of lost personal property, and because dogs are personal property, the trial

10

court erred in dismissing the Medlens' action against Strickland.  We sustain the Medlens' sole issue on appeal.

Strickland raises a cross-point, asking that the case be remanded if reversed, so that she may file a motion to dismiss on grounds of governmental immunity.  Because we have sustained the Medlens' sole issue and are remanding the case to the trial court on that basis, we do not need to reach Strickland's cross-point seeking the same relief of remand.  *See* Tex. R. App. P. 38.2(b)(2).

## Conclusion

Having sustained the Medlens' sole issue on appeal, and because we do not need to reach Strickland's cross-point, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.


LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  November 3, 2011


11