02-11-460-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00460-CV

 

 


 
 
 Wendy Kritzer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Scott E. Kasden, M.D. and Scott E. Kasden, M.D.,
 P.A.
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In
two issues, Appellant Wendy Kritzer appeals the trial court’s decision to
dismiss her breach of contract claim.  We reverse in part and remand in part.

II. 
Factual and Procedural Background

Kritzer
hired Appellees Scott E. Kasden, M.D. and Dr. Scott E. Kasden, M.D., P.A.
(collectively Dr. Kasden) to perform breast augmentation surgery and other pre-
and post-operative medical services.  Kritzer paid for the surgery, which was
completed in August 2007.  However, she had some issues healing after the
surgery and saw other physicians due to Dr. Kasden’s alleged failure to provide
proper care.

Kritzer
subsequently sued Dr. Kasden for negligence and breach of contract under the
Texas Medical Liability Act (TMLA) and served an expert report.[2]  Dr.
Kasden filed special exceptions to Kritzer’s breach of contract claim and a
motion for summary judgment on this claim, but he did not secure a ruling on
either.  He also moved to dismiss Kritzer’s breach of contract claim, which the
trial court granted.  The trial court entered a final judgment in favor of Dr.
Kasden based on the jury’s verdict after a trial on the negligence claim.  Kritzer
now appeals the dismissal of her breach of contract claim.

III. 
Dismissal

In her
first issue, Kritzer asserts that the trial court erred by granting Dr.
Kasden’s motion to dismiss her breach of contract claim “in the absence of any
proper motion to dismiss and in the absence of any legal authority to support
the dismissal.”  That is, she complains that such a procedural device was not
available to him and that because the trial court did not dismiss her claim for
want of prosecution, by granting summary judgment, or by finding that she
failed to comply with the requirements of the TMLA, the dismissal was improper.
 Kritzer is correct.

Generally,
there is no procedural mechanism in the Texas Rules of Civil Procedure for a
motion to dismiss “although courts and litigants often act as if there is.”  
Alex Wilson Albright, Texas Courts A Survey 20 (2011–2012).  Likewise, there
is no Texas equivalent to a federal rule 12(b)(6) dismissal for “failure to state
a claim upon which relief can be granted.”[3]  See Fed. R. Civ.
P. 12(b)(6); see also Tex. S. Univ. v. Rodriguez, No. 14-10-01079-CV,
2011 WL 2150238, at *5 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem.
op.) (“Although the Federal Rules of Civil Procedure provide for a motion to
dismiss for failure to state a claim upon which relief can be granted, no
similar provision is included in the Texas Rules of Civil Procedure.”).  And
while defendants in medical malpractice cases are allowed by statute to have
the claimant’s claim dismissed for failure to timely serve an expert report, see
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West 2011), Dr. Kasden’s “motion
to dismiss” here does not touch on the expert report issue for its basis.  Rather,
in his motion, Dr. Kasden argues that a breach of contract cause of action is
not available to Kritzer.[4]

The
procedural vehicles available to Dr. Kasden were the special exception
procedure described in rules of civil procedure 90 and 91 or a motion for summary
judgment under rule 166a, depending on the nature of his complaint.  See,
e.g., Rodriguez, 2011 WL 2150238, at *5 (“Under the Texas Rules of Civil
Procedure, the proper way for a defendant to urge that a plaintiff has failed
to plead a cause of action is by special exceptions.”).[5]

Dr.
Kasden’s basic assertion in his motion to dismiss is that there is no breach of
contract claim allowed under the TMLA.  This is akin to asserting that a cause
of action or element of damage is not recognized in Texas, and “[s]pecial
exceptions are appropriate to challenge a plaintiff’s failure to state a cause
of action.”  Parker v. Barefield, 206 S.W.3d 119, 120 (Tex. 2006); see
Tex. R. Civ. P. 91.  “But once the trial court sustains the special
exceptions, if the defect is curable, it must allow the pleader an opportunity
to amend.”  Parker, 206 S.W.3d at 120 (emphasis added); Zeid v.
Pearce, 953 S.W.2d 368, 369 (Tex. App.—El Paso 1997, no writ) (affirming
dismissal based on special exceptions in veterinary malpractice suit because
plaintiffs did not plead for damages that were recoverable in Texas for pain
and suffering or mental anguish for loss of a pet).  But cf. Medlen v.
Strickland, 353 S.W.3d 576, 580 (Tex. App.—Fort Worth 2011, pet. granted) (“Because
of the special position pets hold in their family, we see no reason why
existing law should not be interpreted to allow recovery in the loss of a pet
at least to the same extent as any other personal property.”).  “[O]nly after a
party has been given an opportunity to amend after special exceptions have
been sustained may the case be dismissed for failure to state a cause of
action.”  Tex. Dep’t of Corr. v. Herring, 513 S.W.2d 6, 10 (Tex. 1974)
(emphasis added); Rodriguez, 2011 WL 2150238, at *5–6.[6]

Considering
the foregoing, we sustain part of Kritzer’s first issue and hold that the trial
court could not grant Dr. Kasden’s motion to dismiss in that it was not a procedural
vehicle available to Dr. Kasden when urging that a breach of contract action
did not exist under the TMLA and that the trial court’s error prevented Kritzer
from properly presenting her contract claim on appeal on the merits.  See
Tex. R. App. P. 44.1(a)(2).  We need not reach Kritzer’s remaining arguments.  See
Tex. R. App. P. 47.1.

IV. 
Conclusion

Having
sustained the dispositive portion of Kritzer’s first issue, we reverse only the
portion of the trial court’s judgment dismissing Kritzer’s breach of contract
claim, and we remand that claim to the trial court for further proceedings
consistent with this opinion.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  October 4, 2012







 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00460-CV

 

 


 
 
 Wendy
 Kritzer
  
  
 v.
  
  
 Scott
 E. Kasden, M.D. and Scott E. Kasden, M.D., P.A.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 153rd District
 Court
  
 of
 Tarrant County (153-239282-09)
  
 October
 4, 2012
  
 Opinion
 by Justice McCoy
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  It is ordered that the portion of the trial
court’s judgment dismissing Kritzer’s breach of contract claim is reversed and that
claim is remanded to the trial court for further proceedings consistent with
this opinion.

 

 

 

          It is
further ordered that appellees Scott E. Kasden, M.D. and Scott E. Kasden, M.D.,
P.A., shall pay all costs of this appeal for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bob McCoy

 

 









[1]See Tex. R. App. P. 47.4.





[2]Section 74.001(13) of the
civil practice and remedies code defines a “health care liability claim” as 

a cause of action against a health care
provider or physician for treatment, lack of treatment, or other claimed
departure from acceptable standards of medical care, or health care, or safety
or professional or administrative services directly related to health care,
which proximately results in injury to or death of a claimant, whether the
claimant’s claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. &  Rem.
Code Ann. § 74.001(13) (West 2011 & Supp. 2012) (emphasis added); see
also Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 848 (Tex.
2005) (citing Walden v. Jeffrey, 907 S.W.2d 446, 448 (Tex. 1995), for
the proposition that breach of contract claim for ill-fitting dentures is a
health care liability claim).





[3]The rules of civil
procedure allow a trial court to dismiss a case under certain circumstances,
such as for want of prosecution under rule 165(a).  See Tex. R. Civ. P.
165(a).  This case, however, is not within that orbit.





[4]In his motion to dismiss,
his motion for summary judgment, and his special exceptions, Dr. Kasden argued,
as he does on appeal, that Kritzer’s claims against him were health care
liability claims under the TMLA, which he asserted “does not allow for claims
of breach of contract related to the provision of medical care.”  But see
Pena ex rel De Los Santos v. Mariner Health Care Inc., No. CC-09-62, 2010
WL 2671571, at *2 (S.D. Tex. July 1, 2010) (classifying plaintiff’s breach of
contract claim against her nursing home as a health care liability claim under TMLA
before finding that the limitations period for that claim had expired).

Kritzer never claimed that her breach of contract
claim was not a health care liability claim, and she filed an expert report in
compliance with TMLA for her breach of contract and negligence claims.  See,
e.g., Ramchandani v. Jimenez, 314 S.W.3d 148, 149–50, 152–53 (Tex.
App.—Houston [14th Dist.] 2010, no pet.) (concluding that breach of contract
claim was a health care liability claim under the TMLA for which an expert
report was required); see also Murphy v. Russell, 167 S.W.3d 835, 838
(Tex. 2005) (noting that in enacting the TMLA, the legislature intended for
health care liability claims to be scrutinized by an expert before the suit can
proceed and for the expert report to be a “threshold over which a claimant must
proceed to continue a lawsuit”); Hunsucker v. Fustok, 238 S.W.3d 421,
429 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating that Murphy
“clarified that health care liability claims and claims under some other theory,
such as the DTPA or breach of contract, are not mutually exclusive; meaning
that claims may be both”).  Kritzer sought damages for medical expenses,
physical pain and suffering, mental anguish and emotional distress, physical
disability and disfiguration, and lost wages for her negligence claim; she
sought damages “equal to the amount [she] was charged” by and that she had paid
to Dr. Kasden—basically, a refund—and attorney’s fees for her breach of
contract claim.





[5]As noted in our factual
recitation above, Dr. Kasden filed special exceptions to the breach of contract
claim and a motion for summary judgment on the breach of contract claim, but he
did not secure a ruling on either.





[6]In Herring, a Texas
Tort Claims Act case involving negligence, the supreme court held that a motion
for summary judgment could not take the place of a special exception to
circumvent the special exception procedure’s protective features, and it
remanded a case to the trial court, stating that if the Department filed
a special exception, and the trial court sustained that special
exception, and then Herring still failed to state a cause of action,
“then the case may properly be dismissed.”  513 S.W.2d at 10.