

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00460-CV

WENDY KRITZER                                                    APPELLANT

V.

SCOTT E. KASDEN, M.D. AND                                       APPELLEES
SCOTT E. KASDEN, M.D., P.A.

----------

## FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellant Wendy Kritzer appeals the trial court's decision to dismiss her breach of contract claim. We reverse in part and remand in part.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Kritzer hired Appellees Scott E. Kasden, M.D. and Dr. Scott E. Kasden, M.D., P.A. (collectively Dr. Kasden) to perform breast augmentation surgery and other pre- and post-operative medical services. Kritzer paid for the surgery, which was completed in August 2007. However, she had some issues healing after the surgery and saw other physicians due to Dr. Kasden's alleged failure to provide proper care.

Kritzer subsequently sued Dr. Kasden for negligence and breach of contract under the Texas Medical Liability Act (TMLA) and served an expert report.[2] Dr. Kasden filed special exceptions to Kritzer's breach of contract claim and a motion for summary judgment on this claim, but he did not secure a ruling on either. He also moved to dismiss Kritzer's breach of contract claim, which the trial court granted. The trial court entered a final judgment in favor of Dr. Kasden

---

[2]Section 74.001(13) of the civil practice and remedies code defines a "health care liability claim" as

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from acceptable standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, *whether the claimant's claim or cause of action sounds in tort or contract*.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13) (West 2011 & Supp. 2012) (emphasis added); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005) (citing *Walden v. Jeffrey*, 907 S.W.2d 446, 448 (Tex. 1995), for the proposition that breach of contract claim for ill-fitting dentures is a health care liability claim).

based on the jury's verdict after a trial on the negligence claim. Kritzer now appeals the dismissal of her breach of contract claim.

### III. Dismissal

In her first issue, Kritzer asserts that the trial court erred by granting Dr. Kasden's motion to dismiss her breach of contract claim "in the absence of any proper motion to dismiss and in the absence of any legal authority to support the dismissal." That is, she complains that such a procedural device was not available to him and that because the trial court did not dismiss her claim for want of prosecution, by granting summary judgment, or by finding that she failed to comply with the requirements of the TMLA, the dismissal was improper. Kritzer is correct.

Generally, there is no procedural mechanism in the Texas Rules of Civil Procedure for a motion to dismiss "although courts and litigants often act as if there is." Alex Wilson Albright, *Texas Courts A Survey* 20 (2011–2012). Likewise, there is no Texas equivalent to a federal rule 12(b)(6) dismissal for "failure to state a claim upon which relief can be granted."[3] *See* Fed. R. Civ. P. 12(b)(6); *see also Tex. S. Univ. v. Rodriguez*, No. 14-10-01079-CV, 2011 WL 2150238, at *5 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem. op.) ("Although the Federal Rules of Civil Procedure provide for a motion to dismiss

---

[3]The rules of civil procedure allow a trial court to dismiss a case under certain circumstances, such as for want of prosecution under rule 165(a). *See* Tex. R. Civ. P. 165(a). This case, however, is not within that orbit.

3

for failure to state a claim upon which relief can be granted, no similar provision is included in the Texas Rules of Civil Procedure."). And while defendants in medical malpractice cases are allowed by statute to have the claimant's claim dismissed for failure to timely serve an expert report, *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West 2011), Dr. Kasden's "motion to dismiss" here does not touch on the expert report issue for its basis. Rather, in his motion, Dr. Kasden argues that a breach of contract cause of action is not available to Kritzer.[4]

---

[4]In his motion to dismiss, his motion for summary judgment, and his special exceptions, Dr. Kasden argued, as he does on appeal, that Kritzer's claims against him were health care liability claims under the TMLA, which he asserted "does not allow for claims of breach of contract related to the provision of medical care." *But see Pena ex rel De Los Santos v. Mariner Health Care Inc.*, No. CC-09-62, 2010 WL 2671571, at *2 (S.D. Tex. July 1, 2010) (classifying plaintiff's breach of contract claim against her nursing home as a health care liability claim under TMLA before finding that the limitations period for that claim had expired).

Kritzer never claimed that her breach of contract claim was not a health care liability claim, and she filed an expert report in compliance with TMLA for her breach of contract and negligence claims. *See, e.g., Ramchandani v. Jimenez*, 314 S.W.3d 148, 149–50, 152–53 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (concluding that breach of contract claim was a health care liability claim under the TMLA for which an expert report was required); *see also Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) (noting that in enacting the TMLA, the legislature intended for health care liability claims to be scrutinized by an expert before the suit can proceed and for the expert report to be a "threshold over which a claimant must proceed to continue a lawsuit"); *Hunsucker v. Fustok*, 238 S.W.3d 421, 429 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating that *Murphy* "clarified that health care liability claims and claims under some other theory, such as the DTPA or breach of contract, are not mutually exclusive; meaning that claims may be both"). Kritzer sought damages for medical expenses, physical pain and suffering, mental anguish and emotional distress, physical disability and disfiguration, and lost wages for her negligence claim; she

4

The procedural vehicles available to Dr. Kasden were the special exception procedure described in rules of civil procedure 90 and 91 or a motion for summary judgment under rule 166a, depending on the nature of his complaint. *See, e.g., Rodriguez*, 2011 WL 2150238, at *5 ("Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exceptions.").[5]

Dr. Kasden's basic assertion in his motion to dismiss is that there is no breach of contract claim allowed under the TMLA. This is akin to asserting that a cause of action or element of damage is not recognized in Texas, and "[s]pecial exceptions are appropriate to challenge a plaintiff's failure to state a cause of action." *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006); *see* Tex. R. Civ. P. 91. "But once the trial court *sustains* the special exceptions, if the defect is curable, it must allow the pleader an opportunity to amend." *Parker*, 206 S.W.3d at 120 (emphasis added); *Zeid v. Pearce*, 953 S.W.2d 368, 369 (Tex. App.—El Paso 1997, no writ) (affirming dismissal based on special exceptions in veterinary malpractice suit because plaintiffs did not plead for damages that were recoverable in Texas for pain and suffering or mental anguish for loss of a pet).

---

sought damages "equal to the amount [she] was charged" by and that she had paid to Dr. Kasden—basically, a refund—and attorney's fees for her breach of contract claim.

[5]As noted in our factual recitation above, Dr. Kasden filed special exceptions to the breach of contract claim and a motion for summary judgment on the breach of contract claim, but he did not secure a ruling on either.

*But cf. Medlen v. Strickland*, 353 S.W.3d 576, 580 (Tex. App.—Fort Worth 2011, pet. granted) ("Because of the special position pets hold in their family, we see no reason why existing law should not be interpreted to allow recovery in the loss of a pet at least to the same extent as any other personal property."). "[O]nly after a party has been given an opportunity to amend *after special exceptions have been sustained* may the case be dismissed for failure to state a cause of action." *Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974) (emphasis added); *Rodriguez*, 2011 WL 2150238, at *5–6.[6]

Considering the foregoing, we sustain part of Kritzer's first issue and hold that the trial court could not grant Dr. Kasden's motion to dismiss in that it was not a procedural vehicle available to Dr. Kasden when urging that a breach of contract action did not exist under the TMLA and that the trial court's error prevented Kritzer from properly presenting her contract claim on appeal on the merits. *See* Tex. R. App. P. 44.1(a)(2). We need not reach Kritzer's remaining arguments. *See* Tex. R. App. P. 47.1.

---

[6]In *Herring*, a Texas Tort Claims Act case involving negligence, the supreme court held that a motion for summary judgment could not take the place of a special exception to circumvent the special exception procedure's protective features, and it remanded a case to the trial court, stating that *if* the Department filed a special exception, *and* the trial court sustained that special exception, *and then* Herring still failed to state a cause of action, "then the case may properly be dismissed." 513 S.W.2d at 10.

## IV. Conclusion

Having sustained the dispositive portion of Kritzer's first issue, we reverse only the portion of the trial court's judgment dismissing Kritzer's breach of contract claim, and we remand that claim to the trial court for further proceedings consistent with this opinion.

BOB MCCOY
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  October 4, 2012

7