

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00077-CV

---

## TRIEX TEXAS HOLDINGS, LLC AND BRYAN WEINER, APPELLANTS

### V.

## MARCUS & MILLICHAP REAL ESTATE INVESTMENT
## SERVICES OF NEVADA, INC., APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2016-519,366-B, Honorable William C. Sowder, Presiding

---

April 25, 2019

## MEMORANDUM OPINION

Before CAMPBELL, and PIRTLE and PARKER, JJ.

Appellants, Triex Texas Holdings, LLC and Bryan Weiner, appeal from the trial court's order granting summary judgment in favor of appellee, Marcus & Millichap Real Estate Investment Services of Nevada, Inc. Marcus & Millichap have filed a cross-appeal. We reverse the judgment of the trial court and remand for further proceedings.

## Background

This dispute arises from a real estate transaction. On April 30, 2008, appellants purchased a gas station from Hamilton Holdings, L.P. Appellants simultaneously leased the property to Taylor Petroleum Companies, Inc., the previous lessee and operator of the gas station, for a twenty-year term. Marcus & Millichap brokered the transaction and served as the real estate broker for appellants, Hamilton Holdings, and Taylor Petroleum.

In December of 2012, Taylor Petroleum defaulted on the lease. In February of 2016, appellants filed suit against Taylor Petroleum, Hamilton Holdings, and other parties for breach of contract, fraud, and other claims. Appellants amended their petition on March 24, 2017, to add Marcus & Millichap as a defendant. In the petition, appellants alleged that Marcus & Millichap had induced them to purchase and lease the property by misrepresenting the property's value and Taylor Petroleum's ability to sustain the twenty-year lease. They asserted claims against appellee for breach of fiduciary duty, fraud by nondisclosure, and civil conspiracy to defraud.

Marcus & Millichap answered the suit, pleading that appellants' claims were barred by the applicable statutes of limitations. Appellants did not amend their petition to respond to the limitations defense. Shortly after the pleading deadline set by the trial court passed, Marcus & Millichap moved for summary judgment on the grounds that appellants' claims were barred by limitations. Appellee argued that appellants' claims accrued on the closing date of the sale in 2008 because appellants did not plead the discovery rule. Appellee further argued that if the discovery rule applied, appellants' claims accrued, at the latest, when Taylor Petroleum defaulted on the lease in 2012. According to the

2

motion, appellants failed to file suit within the applicable limitations period using either accrual date.

In response to the motion for summary judgment, appellants requested leave from the trial court to amend their petition to plead the discovery rule. Appellants argued that the discovery rule applied and deferred the accrual date of their claims until they first became aware of Marcus & Millichap's misrepresentations in February of 2017. Consequently, appellants contended that a fact issue remained as to when they knew or should have known of the facts giving rise to their claims. Appellants did not file a proposed amended petition with their motion to amend.

After a hearing, the trial court granted Marcus & Millichap's motion for summary judgment. The court subsequently severed and dismissed appellants' claims against Marcus & Millichap. This appeal followed.

## Analysis

On appeal, appellants contend that the trial court improperly granted summary judgment and erred by denying them leave to amend their petition. Marcus & Millichap filed a cross-appeal challenging the trial court's denial of its request for attorney's fees and expenses as the prevailing party under the purchase agreement. We address the trial court's denial of appellants' motion to amend their petition first as the issue is dispositive of the appeal.

Implied Denial

The record does not contain an order from the trial court denying appellants' motion to amend their petition. The summary judgment order states that having considered "the argument of counsel, the pleadings on file, and the applicable law," the motion is granted. The order then dismisses appellants' claims against Marcus & Millichap with prejudice. It does not address appellants' request to amend their pleadings.

The parties assert, however, that the trial court impliedly denied the motion. A trial court's ruling can be either express or implied to preserver error. TEX. R. APP. P. 33.1(a)(2)(A). An express ruling on one motion may imply a contrary ruling on an opposing motion. *See Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997).

In this case, appellants requested leave to amend their pleadings in response to the summary judgment motion, but did not file a proposed amended petition. Marcus & Millichap opposed the motion to amend in its summary-judgment reply brief. The motion was argued by both parties at the summary judgment hearing. And, the trial court concluded the hearing by informing the parties that all matters related to the motion for summary judgment would be resolved.

Accordingly, we conclude that the motion for leave to amend was presented and considered by the trial court. The court impliedly denied the motion by granting summary judgment and dismissing appellants' claims against Marcus & Millichap.[1] *See Parker v.*

---

[1] We do not presume that the trial court considered the discovery rule when it granted summary judgment or find that the discovery rule was tried by consent. A trial court is presumed to have granted leave to file and to have considered a late-filed pleading where (1) the pleading is part of the record before the court, (2) the trial court's judgment states that all pleadings on file were considered by the court, and (3) the opposing party has not shown surprise or prejudice. *Goswami v. Metro. Sav. & Loan Assoc.*, 751 S.W.2d 487, 490 (Tex. 1988). Because appellants never filed an amended petition asserting the discovery

4

*Barefield*, 206 S.W.3d 119, 120-21 (Tex. 2006) (per curiam) (holding that the trial court effectively denied plaintiffs' motion to amend their pleadings when it granted the defendants' special exceptions and dismissed the case); *BPAC Tex., LP v. Harris County Appraisal Dist.*, No. 01-03-01238-CV, 2004 Tex. App. LEXIS 9592, at *10-11 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004, no pet.) (mem. op.) (finding that the trial court impliedly denied plaintiffs' motion for continuance to conduct further discovery by granting the defendant's motion for summary judgment).

Leave to Amend

Having found an implied ruling, we review the trial court's denial of appellants' motion for leave to amend its pleadings for abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349-50 (Tex. 1980). Parties may freely amend their pleadings. However, a party must obtain leave from the trial court to file an amended pleading within seven days of trial, including a summary judgment proceeding, or after the deadline set by the trial court. TEX. R. CIV. P. 63, 166. The trial court must grant leave to amend "unless there is a showing that such filing will operate as a surprise to the opposite party." TEX. R. CIV. P. 63.

A trial court has no discretion to refuse an amended pleading unless the opposing party presents evidence of surprise or the amendment is prejudicial on its face. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939-40 (Tex. 1990). An

---

rule, a pleading was not part of the record before the court. Thus, there can be no presumption that it was considered by the trial court. Further, we find that the discovery rule was not tried by consent because Marcus & Millichap objected to the unpled issue throughout the summary judgment proceedings. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (holding that unpled issues may be tried by consent in summary judgment proceedings if there is no objection to the lack of pleading).

amendment is prejudicial on its face if, viewed in the context of the record, it (1) asserts a new substantive matter that reshapes the nature of the case, (2) could not have been anticipated by the opposing party, and (3) prejudices the presentation of the opposing party's case. *Halmos v. Bombardier Aero. Corp.,* 314 S.W.3d 606, 623 (Tex. App.—Dallas 2010, no pet.).

Marcus & Millichap did not claim any surprise in response to appellants' motion to amend their petition after the pleading deadline. In its summary-judgment reply brief, appellee argued that appellants had sufficient time to amend their petition before the deadline and had not demonstrated good cause for the late amendment. Marcus & Millichap presented a similar argument at the summary judgment hearing, claiming that appellants had waived the discovery rule by failing to timely amend their pleadings.

The record shows that Marcus & Millichap anticipated that appellants would plead the discovery rule in response to its limitations defense and presented its motion for summary judgment accordingly. In the motion, appellee argued that if the discovery rule applied, appellants' claims accrued on the date they had knowledge of the wrongful injury. Marcus & Millichap asserted that appellants could have discovered their alleged claims when they purchased the property in 2008 or, at the latest, when Taylor Petroleum abandoned the lease in 2012. As evidence, Marcus & Millichap claimed Weiner "conceded [at his deposition] that he could have obtained information through ordinary diligence about the market rental rates before the sale-and-leaseback transaction closed in 2008." Appellee also argued that Weiner "had sufficient experience in commercial real estate purchases to have known how to investigate market rental rates upon Taylor Petroleum's significantly premature default."

6

For these reasons, we find that Marcus & Millichap did not present any evidence of surprise to the trial court and that the proposed amendment was not prejudicial on its face. Accordingly, we hold that the trial court abused its discretion by denying appellants' request to amend their pleadings. *See Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 593-94 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g) (holding that the trial court abused its discretion in denying an amendment where the record did not show surprise or prejudice to the opposing party).

## Conclusion

Because appellants were not allowed to amend their petition to plead the discovery rule, appellants were prevented from presenting their case on appeal. *See* TEX. R. APP. P. 44.1(a)(2). Having concluded that the trial court denied appellants' motion to amend in error, we reverse the trial court's summary judgment. We, therefore, need not address Marcus & Millichap's cross-appellate issues concerning its entitlement to attorney's fees and expenses under the purchase agreement. *See* TEX. R. APP. P. 47.1.

We reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Per Curiam